

*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TITUS INTERNATIONAL PLC,

          *Plaintiff,*

-against-

HARDWARE RESOURCES, A DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

          *Defendant.*

08 civ. 02158

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES FOR BREACH OF CONTRACT,
AND FOR COMMON LAW UNFAIR COMPETITION**

The plaintiff, Titus International PLC ("Titus"), by its attorneys, Abelman, Frayne & Schwab, for its complaint against the defendant, Hardware Resources, a division of Progressive Stamping & Plating, Inc. ("Hardware Resources"), alleges as follows:

**THE PARTIES**

1. Titus is and was at all relevant times a corporation organized and existing under the laws of the United Kingdom, with an office at 10 Brook Business Centre, Cowley Mill Road, Uxbridge UB8 2FX, United Kingdom.

2. Titus is a well known designer, manufacturer, and distributor of, *inter alia*, fasteners and accessories for the global consumer self-assembly furniture industry.

3. Upon information and belief, the defendant Hardware Resources is and was at all relevant times a corporation organized and existing under the laws of the State of Louisiana, with a business office at 4319 Marlena St., Bossier City, LA 71111.

4. Upon information and belief, Hardware Resources manufactures and sells, *inter alia*, cabinet hardware and decorative wood products in interstate commerce, and within this Southern District of New York.

### JURISDICTION AND VENUE

5. This is an action seeking injunctive relief and damages for acts of unfair competition and breach of contract in violation of plaintiff's common law rights.

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a) and (c).

### FACTS COMMON TO ALL CAUSES OF ACTION

8. By this action, Titus seeks monetary damages arising from Hardware Resources' breach of two agreements between the parties.

9. Titus also seeks to enjoin Hardware Resources, and those acting in concert with it, from deliberately attempting to confuse the public concerning the source, origin or sponsorship of, *inter alia*, its concealed hinges, and from seeking to trade upon and destroy Titus's distinctive "LAMA®" trademark, and its business reputation and good will.

10. Since at least 1980, Titus' wholly owned subsidiary, Lama d.d of Dekani, Slovenia ("Lama"), has sold a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates, and has prominently identified these products using its "LAMA®" trademark.

11. Lama, owns all rights to Federal Registration N⁰· 2,072,064 for the trademark "LAMA®" (the "'064 Registration").

12. The '064 Registration issued on March 5, 1996, is registered on the principal register maintained by the United States Patent and Trademark Office, is valid and subsisting, and is incontestible pursuant to 15 U.S.C. § 1115(b).

13. The '064 Registration constitutes *prima facie* evidence of the validity of the "LAMA®" trademark, and of plaintiff's exclusive right to use the trademark in commerce.

14. Long before the acts of Hardware Resources complained of herein, as the result of the promotion and sale of goods identified by its "LAMA®" trademark, and as a result of the high quality of goods offered in connection with the trademark, the "LAMA®" trademark has acquired a valuable reputation and is now recognized by consumers as originating from and being associated only with Lama.

15. As a direct result of this usage, the unique and distinctive "LAMA®" trademark has become well-known and is associated by the public with Lama, and it represents a business and good will of significant value.

16. In 1999, Hardware Resources and Lama entered into a "Sales Contract" pursuant to which Hardware Resources would have a non-exclusive right to distribute Lama hinges in the United States.

17. The 1999 Sales Contract further provided that Hardware Resources would "... use its best efforts to market and sell the Products in the Territory...," and would "... not be engaged, directly or indirectly, in any business activities which compete with the activities carried out under this Contract."

18. The 1999 Sales Contract was effective through 2002.

19. In 2001, Hardware Resources began to import and sell in the United States hinges in direct competition with Lama's products. The Hardware Resources hinges were direct copies of Lama hinges and used essentially the same product numbers to identify the hinges.

20. On May 22, 2004, Hardware Resources and Lama entered into a "U.S. Marketing Agreement" pursuant to which Hardware Resources agreed to restrict its sales of low quality Chinese hinges, to expand and develop the customer base for the Lama European range of products, and to use its best efforts to meet specified minimum purchase commitments.

21. Upon information and belief, Hardware Resources undermined Lama's United States customer base by, *inter alia*, advising its customers that low quality Chinese hinges sold by Hardware Resources were, in sum or substance, "cheaper and just as good as Lama European hinges".

22. Upon information and belief, Hardware Resources passed-off low quality Chinese hinges to customers who had ordered Lama European hinges without their approval or knowledge.

### AS AND FOR A FIRST CLAIM SEEKING MONETARY RELIEF FOR BREACH OF CONTRACT

23. Titus realleges paragraphs 1 through 22 as if fully set forth herein.

24. This cause of action arises under the common law.

25. By, *inter alia*, selling its own brand of European hinges beginning with its May 2001 Catalogue, Hardware Resources materially breached the 1999 Sales Contract.

26. As a proximate result of the aforementioned conduct, Titus has been damaged.

27. On account of the activities of Hardware Resources in this State, County and Southern District of New York, and throughout the United States, including its breach of the 1999 Sales Contract, Titus is entitled to a money judgment against Hardware Resources in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

### AS AND FOR A SECOND CLAIM SEEKING MONETARY RELIEF FOR BREACH OF CONTRACT

28. Titus realleges paragraphs 1 through 27 as if fully set forth herein.

29. This cause of action arises under the common law.

30. By, *inter alia*, failing to restrict its sales of low quality Chinese hinges, failing to protect and develop the Lama European range of products, failing to use its best efforts to meet minimum purchase commitments, passing-off low quality Chinese hinges as Lama European hinges, and not paying invoices for goods delivered pursuant to the 2004 U.S. Marketing Agreement, Hardware Resources materially breached the 2004 U.S. Marketing Agreement.

31. As a proximate result of the aforementioned conduct, Titus has been damaged.

32. On account of the activities of Hardware Resources in this State, County and Southern District of New York, and throughout the United States, including its breach of the 2004 U.S. Marketing Agreement, Titus is entitled to a money judgment against Hardware Resources in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

### AS AND FOR A THIRD CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

33. Titus realleges paragraphs 1 through 32 as if fully set forth herein.

34. This cause of action arises under the common law.

35. By, *inter alia*, advising Lama's customers that low quality Chinese hinges were "cheaper and just as good as Lama European hinges", selling low cost copies of Lama hinges using product numbers that were essentially the same as Lama's product numbers to identify the hinges, and passing-off low quality Chinese hinges as Lama hinges, Hardware Resources misled and confused the public and created a likelihood of injury to Titus's public image and reputation.

36. Upon information and belief, the aforementioned conduct, the public was likely to falsely associate the attributes and characteristics of Lama's products to the hinges and other products sold by Hardware Resources.

37. By reason of the foregoing, Hardware Resources has engaged and is continuing to engage in acts of unfair competition in violation of the common law.

38. Upon information and belief, Hardware Resources conduct was undertaken with knowledge that it was misleading and with the intent to confuse, mislead and deceive consumers, and to unfairly compete with Lama.

39. By reason of the foregoing, Titus is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

40. On account of the activities of Hardware Resources in this State, County and Southern District of New York, and throughout the United States, Titus has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**WHEREFORE**, Titus demands judgment:

a. preliminarily and permanently enjoining and restraining Hardware Resources, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of hinges or any other products; and engaging in any other activity constituting unfair competition with Titus;

b. directing such other relief as the Court may deem appropriate to prevent the public from being misled or deceived;

c. directing that Hardware Resources file with the Court and serve on Titus's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein with in thirty (30) days of receipt of service of any such order or injunction;

d. awarding Titus its damages caused by Hardware Resources having misled and confused the public and having damaged

Titus's public image and reputation, and Hardware Resources' total profit realized thereby;

   e. directing Hardware Resources to account to Titus for damages for breach of the 1999 Sales Contract and 2004 U.S. Marketing Agreement in an amount to be determined by the Court after trial;

   f. for an assessment of costs, interest and attorneys' fees incurred by Titus; and

   g. for such other and further relief as the Court deems just.

Dated: March 4, 2008  
   New York, NY

**ABELMAN FRAYNE & SCHWAB**

_/s/ Michael Aschen_  
Michael Aschen (MA 6336)  
666 Third Avenue  
New York, NY 10017  
(212) 949-9022

Counsel for the Plaintiff