GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 MADISON AVENUE
NEW YORK, NY 10022-7302

(212) 907-7300
FAX (212) 754-0330

DIRECT DIAL NO.: (212) 907-7373
DIRECT FAX NO.: (212) 754-0330
EMAIL ADDRESS: JGOLENBOCK@GOLENBOCK.COM

April 8, 2008

*By Federal Express*

Hon. William H. Pauley III
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 Pearl Street, Room 2210
New York, NY 10007

    Re:    *Titus International PLC v. Hardware Resources, A Division Of Progressive Stamping & Plating, Inc.*, 08-cv-2158 (WHP);
           Request for Permission to File Motion to Dismiss or Transfer

Dear Judge Pauley:

    This firm represents the defendant, Hardware Resources ("Hardware Resources"). I am writing pursuant to your Honor's individual rules to request a Pre-Motion Conference regarding its anticipated Motion to Dismiss or Transfer pursuant to the "First to File" Rule, and, in the alternative, to Transfer Venue Pursuant to 28 U.S.C. §1404(a).

*Summary of Basis for Anticipated Motion*

    In November of 2007, Hardware Resources initiated litigation in the Western District of Louisiana against Titus International PLC ("Titus International") and other co-defendants; *Hardware Resources v. Lama, d.d. et al.*, 5:07CV1875 (W.D. La.) (the "Louisiana Case"). The Louisiana Case arises out of the same facts that underlie the claims asserted by Titus International in this case. Notwithstanding that fact, Titus International commenced this action in this court (the "New York Case") on March 4, 2008. Because both the Louisiana Case and the New York Case arise out of the same facts, the New York Case should be transferred to the Western District of Louisiana pursuant to New York's "First to File" rule.

    Further, neither Titus International nor Hardware Resources has any significant ties to the State of New York. Titus International is a United Kingdom corporation with its principal place of business in England. Hardware Resources is a Louisiana corporation that maintains its principal place of business in Louisiana. All significant documents and witnesses are either in Louisiana or the United Kingdom--not New York. Therefore, assuming that the case is not

*421323.1*

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

Hon. William H. Pauley III
April 8, 2008
Page 2

transferred under the "First to File" rule, it should be transferred under U.S.C. §1404(a) for *forum non conveniens*.

*Background*

Hardware Resources is in the business of manufacturing and selling hardware components such as hinges and knobs for furniture, among other things. It maintains its principle place of business in Bossier City, Louisiana. The management and records of Hardware Resources are located there. It only has a single sales person in Long Island, New York and received less than 1% of its revenue last year from sales in New York.

Titus International is a United Kingdom corporation that sells furniture and hardware components, such as furniture hinges, and drawer slides. Its principal place of business is located in Uxbridge, Middlesex, England. It is believed that Titus International has no offices, employees, or subsidiaries in the state of New York and maintains no records or documents here.

Titus International has several subsidiaries. Among them is Lama d.d. Lama is a Slovenia corporation with its principal place of business in Dekani, Slovenia. Lama manufactures furniture hinges among other things. It is believed that Lama has no offices or employees in the state of New York and maintains no records or documents here.

Another subsidiary of Titus International is Titus Tool Company. Titus Tool is an Arizona corporation with its principal place of business in Kent, Washington. Titus Tool is a distributor of furniture parts and hinges. It also maintains no offices, employees, records or documents here.

Hardware Resources and Lama entered into two separate contracts, one in 1999 and one in 2004. Both contracts gave Hardware Resources the exclusive right to sell certain Lama hinges in the United States. Both contracts were negotiated, executed, and performed in Bossier City, Louisiana.

In 2006, a falling out occurred between Hardware Resources and Lama based on the distribution of Lama hinges within the United States by Titus Tool. As a result, in November of 2007, Hardware Resources sued Titus International, Titus Tool and Lama in Louisiana. The Louisiana Case seeks monetary relief for breach of the 2004 contract and unfair competition. Titus International, Titus Tool and Lama have been formally served with process, but none of the companies have yet answered.

On March 4, 2008, almost two months after receiving notice of the Louisiana Case, Titus International sued Hardware Resources in New York. Hardware Resources answered that

*421323.1*

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

Hon. William H. Pauley III
April 8, 2008
Page 3

Complaint timely today. In the New York Case, Titus International seeks relief against Hardware Resources for breach of the 1999 contract, the 2004 contract and for unfair competition.

*Legal Discussion*

    1. <u>This Case Should Be Dismissed Pursuant To The First To File Rule.</u>

"The general rule in this Circuit is that, as a principle of sound judicial administration, the first suit should have priority" and the subsequent action should be dismissed, otherwise known as the first to file or first filed rule. *D.H. Blair v. Gottdiener*, 462 F.2d 95, 106 (2d Cir. 2006); *BuddyUSA, Inc. v. Recording Ind. Ass. Of America, Inc.*, 21 Fed.Appx. 52, 55, 2001 WL 1220548 at *2 (2d Cir. 2001); *Schnabel v. Ramsey Quantative Systems, Inc.*, 322 F.Supp. 2d 505, 509-10 (S.D.N.Y 2004); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991)

The Louisiana Case was filed before the New York Case by several months. The subject matter of the two lawsuits is the same. The parties to both lawsuits are the same. Any claim that Titus International asserts in this case can, and should, be asserted in the Louisiana Case as a compulsory counterclaim. The Louisiana Case should have priority over the competing New York Case.

Accordingly, pursuant to the rule set out in *D.H. Blair* and other cases, this action should be dismissed in favor of the first suit, which was filed in Louisiana. Alternatively, the action should be transferred to Louisiana, which is clearly the more convenient forum. Neither of the Parties is incorporated in New York nor have a principal place of business here. Neither of the parties has significant contacts with New York. In contrast, Hardware Resources has its principal place of business in Louisiana, is incorporated there, and has significant contacts with that state. Sales of most products subject to the 1999 and 2004 contracts were sold from Louisiana. Records of the sales are there. Witnesses to the contracts and sales of products are there. Furthermore, there are no special circumstances that justify litigating this case in New York as opposed to Louisiana. If this action is not dismissed, it should be transferred.

    2. <u>In The Alternative, The New York Case Should Be Transferred To The Western District Of Louisiana Pursuant To 28 U.S.C. §1404(A).</u>

28 U.S.C. §1404(a) allows the Court, for the convenience of the parties and witnesses, in the interest of justice, to transfer any civil action to any other district or division where it might have been brought.

The New York Case could have brought in the Western District of Louisiana. Hardware

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

Hon. William H. Pauley III
April 8, 2008
Page 4


Resources resides there and the 1999 contract and the 2004 contract were executed, negotiated, and performed there.

The convenience of the parties and witnesses, and the interest of justice warrant the transfer of this case to Louisiana. The witnesses and evidence regarding the 1999 and 2004 contracts and any alleged breach and unfair competition will be located in Louisiana, United Kingdom, or Slovenia as opposed to New York.

Many necessary witnesses will be required to travel from Louisiana to New York if the litigation is maintained in New York. Documents and other evidence will also need to be moved considerable distances. If the litigation is maintained in New York, many witnesses will also be beyond the subpoena power of the Court.

Titus International has no witnesses, documents or evidence in New York. Many, if not all, of its witnesses will be traveling from overseas. Travel to Louisiana instead of New York is not a significant inconvenience.

Accordingly, for the reasons set forth above, defendant Hardware Resources requests permission to move for dismissal of this action or transfer of the action to Louisiana.

Very truly yours,

Jeffrey T. Golenbock

cc: Michael Aschen, Esq. *(by Fed Ex)*
    Russ Schultz, Esq.

Application Granted. This Court will hold an initial pre-trial conference and a pre-motion conference on April 25, 2008 at 10:15 a.m.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
4/14/08

421323.1