## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TITUS INTERNATIONAL PLC,

               Plaintiff,

               v.

HARDWARE RESOURCES, A DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

               Defendant.

Case No. 08-cv-2158 (WHP)

DECLARATION OF JEFFREY T.
GOLENBOCK IN CONNECTION
WITH DEFENDANT'S MOTION TO
DISMISS

JEFFREY T. GOLENBOCK declares, under penalty of perjury, as follows:

1.      I am a member of the law firm of Golenbock Eiseman Assor Bell & Peskoe LLP, counsel to the Defendants Hardware Resources, a Division of Progressive Stamping & Plating, Inc.  I submit this declaration in support of Defendants' Motion to Dismiss the Complaint, dated June 3, 2008.

2.      A copy of the Complaint for Injunctive Relief and Damages for Breach of Contract, and for Common Law Unfair Competition is annexed hereto as Exhibit A.

3.      A copy of the list of subsidiaries of Titus International is annexed hereto as Exhibit B.

4.      A copy of the Arizona Corp. Commission Report is annexed hereto as Exhibit C.

5.      A copy of the 1999 Contract is annexed hereto as Exhibit D.

6.      A copy of the 2004 Contract is annexed hereto as Exhibit E.

7.    A copy of Hardware Resources' original complaint in the Louisiana litigation is annexed hereto as Exhibit F.

8.    A copy of the First Amended and Supplemental Complaint filed by Hardware Resources in U.S. District Court for the Western District of Louisiana is annexed hereto as Exhibit G.

9.    A copy of the Complaint for Damages and the First Amended and Supplemental Complaint for Damages and request for waiver of service sent to Titus Tool is annexed hereto as Exhibit H.

10.    A copy of the Complaint for Damages and the First Amended and Supplemental Complaint for Damages and request for waiver of service sent to Titus International is annexed hereto as Exhibit I.

11.    A copy of the Complaint for Damages and the First Amended and Supplemental Complaint for Damages and request for waiver of service sent to Lama is annexed hereto as Exhibit J.

12.    A copy of the follow-up letter sent to Titus International on March 12, 2008 is annexed hereto as Exhibit K.

13.    A copy of the follow-up letter sent to Lama on March 12, 2008 is annexed hereto as Exhibit L.

14.    A copy of the service of process on Titus International dated March 28, 2008 is annexed hereto as Exhibit M.

15. A copy of the service of process on Lama dated April 4, 2008 is annexed hereto as Exhibit N.

16. A copy of the service of process on Titus Tool dated March 13, 2008 is annexed hereto as Exhibit O.

17. A copy of Hardware Resources' Motion to Continue to Allow Jurisdictional Discovery is annexed hereto as Exhibit P.

18. A copy of Lama's Answer and Counterclaims in the Louisiana litigation is annexed hereto as Exhibit Q.

19. A copy of Declaration of Iain Grant submitted by Titus International in Support of Motion to Dismiss Complaint in Louisiana Litigation is annexed hereto as Exhibit R.

20. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of June, 2008.

JEFFREY T. GOLENBOCK

# EXHIBIT A

Judge Pauley



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TITUS INTERNATIONAL PLC,

               *Plaintiff,*

   -against-

HARDWARE RESOURCES, A DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

               *Defendant.*

08 CV 02158

### COMPLAINT FOR INJUNCTIVE RELIEF
### AND DAMAGES FOR BREACH OF CONTRACT,
### AND FOR COMMON LAW UNFAIR COMPETITION

       The plaintiff, Titus International PLC ("Titus"), by its attorneys, Abelman, Frayne & Schwab, for its complaint against the defendant, Hardware Resources, a division of Progressive Stamping & Plating, Inc. ("Hardware Resources"), alleges as follows:

### THE PARTIES

       1.   Titus is and was at all relevant times a corporation organized and existing under the laws of the United Kingdom, with an office at 10 Brook Business Centre, Cowley Mill Road, Uxbridge UB8 2FX, United Kingdom.

       2.   Titus is a well known designer, manufacturer, and distributor of, *inter alia*, fasteners and accessories for the global consumer self-assembly furniture industry.

       3.   Upon information and belief, the defendant Hardware Resources is and was at all relevant times a corporation organized and existing under the laws of the State of Louisiana, with a business office at 4319 Marlena St., Bossier City, LA 71111.

4.    Upon information and belief, Hardware Resources manufactures and sells, *inter alia*, cabinet hardware and decorative wood products in interstate commerce, and within this Southern District of New York.

## JURISDICTION AND VENUE

5.    This is an action seeking injunctive relief and damages for acts of unfair competition and breach of contract in violation of plaintiff's common law rights.

6.    This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a) and (c).

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    By this action, Titus seeks monetary damages arising from Hardware Resources' breach of two agreements between the parties.

9.    Titus also seeks to enjoin Hardware Resources, and those acting in concert with it, from deliberately attempting to confuse the public concerning the source, origin or sponsorship of, *inter alia*, its concealed hinges, and from seeking to trade upon and destroy Titus's distinctive "LAMA®" trademark, and its business reputation and good will.

10.    Since at least 1980, Titus' wholly owned subsidiary, Lama d.d of Dekani, Slovenia ("Lama"), has sold a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates, and has prominently identified these products using its "LAMA®" trademark.

- 2 -

11.  Lama, owns all rights to Federal Registration №·2,072,064 for the trademark "LAMA®" (the "'064 Registration").

12.  The '064 Registration issued on March 5, 1996, is registered on the principal register maintained by the United States Patent and Trademark Office, is valid and subsisting, and is incontestible pursuant to 15 U.S.C. § 1115(b).

13.  The '064 Registration constitutes *prima facie* evidence of the validity of the "LAMA®" trademark, and of plaintiff's exclusive right to use the trademark in commerce.

14.  Long before the acts of Hardware Resources complained of herein, as the result of the promotion and sale of goods identified by its "LAMA®" trademark, and as a result of the high quality of goods offered in connection with the trademark, the "LAMA®" trademark has acquired a valuable reputation and is now recognized by consumers as originating from and being associated only with Lama.

15.  As a direct result of this usage, the unique and distinctive "LAMA®" trademark has become well-known and is associated by the public with Lama, and it represents a business and good will of significant value.

16.  In 1999, Hardware Resources and Lama entered into a "Sales Contract" pursuant to which Hardware Resources would have a non-exclusive right to distribute Lama hinges in the United States.

17.  The 1999 Sales Contract further provided that Hardware Resources would "... use its best efforts to market and sell the Products in the Territory...," and would "... not be engaged, directly or indirectly, in any business activities which compete with the activities carried out under this Contract."

- 3 -

18.    The 1999 Sales Contract was effective through 2002.

19.    In 2001, Hardware Resources began to import and sell in the United States hinges in direct competition with Lama's products. The Hardware Resources hinges were direct copies of Lama hinges and used essentially the same product numbers to identify the hinges.

20.    On May 22, 2004, Hardware Resources and Lama entered into a "U.S. Marketing Agreement" pursuant to which Hardware Resources agreed to restrict its sales of low quality Chinese hinges, to expand and develop the customer base for the Lama European range of products, and to use its best efforts to meet specified minimum purchase commitments.

21.    Upon information and belief, Hardware Resources undermined Lama's United States customer base by, *inter alia*, advising its customers that low quality Chinese hinges sold by Hardware Resources were, in sum or substance, "cheaper and just as good as Lama European hinges".

22.    Upon information and belief, Hardware Resources passed-off low quality Chinese hinges to customers who had ordered Lama European hinges without their approval or knowledge.

### AS AND FOR A FIRST CLAIM SEEKING
### MONETARY RELIEF FOR BREACH OF CONTRACT

23.    Titus realleges paragraphs 1 through 22 as if fully set forth herein.

24.    This cause of action arises under the common law.

25.    By, *inter alia*, selling its own brand of European hinges beginning with its May 2001 Catalogue, Hardware Resources materially breached the 1999 Sales Contract.

- 4 -

26.  As a proximate result of the aforementioned conduct, Titus has been damaged.

27.  On account of the activities of Hardware Resources in this State, County and Southern District of New York, and throughout the United States, including its breach of the 1999 Sales Contract, Titus is entitled to a money judgment against Hardware Resources in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A SECOND CLAIM SEEKING**
**MONETARY RELIEF FOR BREACH OF CONTRACT**

28.  Titus realleges paragraphs 1 through 27 as if fully set forth herein.

29.  This cause of action arises under the common law.

30.  By, *inter alia*, failing to restrict its sales of low quality Chinese hinges, failing to protect and develop the Lama European range of products, failing to use its best efforts to meet minimum purchase commitments, passing-off low quality Chinese hinges as Lama European hinges, and not paying invoices for goods delivered pursuant to the 2004 U.S. Marketing Agreement, Hardware Resources materially breached the 2004 U.S. Marketing Agreement.

31.  As a proximate result of the aforementioned conduct, Titus has been damaged.

32.  On account of the activities of Hardware Resources in this State, County and Southern District of New York, and throughout the United States, including its breach of the 2004 U.S. Marketing Agreement, Titus is entitled to a money judgment against Hardware Resources in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

- 5 -

### AS AND FOR A THIRD CLAIM SEEKING
### INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR
### COMPETITION IN VIOLATION OF THE COMMON LAW

33.   Titus realleges paragraphs 1 through 32 as if fully set forth herein.

34.   This cause of action arises under the common law.

35.   By, *inter alia*, advising Lama's customers that low quality Chinese hinges were "cheaper and just as good as Lama European hinges", selling low cost copies of Lama hinges using product numbers that were essentially the same as Lama's product numbers to identify the hinges, and passing-off low quality Chinese hinges as Lama hinges, Hardware Resources misled and confused the public and created a likelihood of injury to Titus's public image and reputation.

36.   Upon information and belief, the aforementioned conduct, the public was likely to falsely associate the attributes and characteristics of Lama's products to the hinges and other products sold by Hardware Resources.

37.   By reason of the foregoing, Hardware Resources has engaged and is continuing to engage in acts of unfair competition in violation of the common law.

38.   Upon information and belief, Hardware Resources conduct was undertaken with knowledge that it was misleading and with the intent to confuse, mislead and deceive consumers, and to unfairly compete with Lama.

39.   By reason of the foregoing, Titus is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

- 6 -

40. On account of the activities of Hardware Resources in this State, County and Southern District of New York, and throughout the United States, Titus has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

WHEREFORE, Titus demands judgment:

a. preliminarily and permanently enjoining and restraining Hardware Resources, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of hinges or any other products; and engaging in any other activity constituting unfair competition with Titus;

b. directing such other relief as the Court may deem appropriate to prevent the public from being misled or deceived;

c. directing that Hardware Resources file with the Court and serve on Titus's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein with in thirty (30) days of receipt of service of any such order or injunction;

d. awarding Titus its damages caused by Hardware Resources having misled and confused the public and having damaged

- 7 -

Titus's public image and reputation, and Hardware Resources' total profit realized thereby;

e.    directing Hardware Resources to account to Titus for damages for breach of the 1999 Sales Contract and 2004 U.S. Marketing Agreement in an amount to be determined by the Court after trial;

f.    for an assessment of costs, interest and attorneys' fees incurred by Titus; and

g.    for such other and further relief as the Court deems just.

Dated: March 4, 2008                     ABELMAN FRAYNE & SCHWAB
       New York, NY

                                         Michael Aschen  (MA 6336)
                                         666 Third Avenue
                                         New York, NY 10017
                                         (212) 949-9022

                                         Counsel for the Plaintiff

# <u>EXHIBIT B</u>

Welcome to Titus





England / Czech Republic / Germany / Poland / Singapore / Sweden / USA

Welcome to the Titus Subsidiaries section. Clicking on one of the locations in the left-hand menu will produce the relevant address and contact information.

Rolling over the map, will reveal a more detailed location. Highly detailed street maps can be obtained by clicking on the Multimap.com link in the bottom left-hand corner.

Titus International Plc  |  Ridgeway Industrial Estate  |  Iver  |.  Buckinghamshire  |  SL0 9HW  |  United

Welcome to Titus





The Americas

Titus Tool Co. Inc.
22020 72nd Avenue South
Kent, WA 98032
USA

Tel: 800 762 1616 toll free
Tel: +1 253 872 2828
Fax: +1 253 872 2827

Titus International Plc | Ridgeway Industrial Estate | Iver | Buckinghamshire | SL0 9HW | United

# EXHIBIT C

Ariz. Corp. Comm. -- Corporations Division

## Arizona Corporation Commission
## State of Arizona Public Access System

05/21/2008

9:12 AM

### Jump To...

<u>Annual Reports</u>    <u>Scanned Documents</u>    <u>Administrative Dissolutions and Reinstatements</u>    <u>Microfilm</u>

| Corporate Inquiry | |
|---|---|
| **File Number:** -0504117-3 | Check Corporate Status |
| **Corp. Name:** TITUS TOOL COMPANY INC. | |

### Domestic Address

| 22020 72ND AVE SOUTH |
|---|
| KENT, WA 98032 |

### Statutory Agent Information

| Agent Name: SIDNEY MENDELSOHN JR |
|---|
| |
| **Agent Mailing/Physical Address:** |
| 2730 E BROADWAY #200 |
| TUCSON, AZ 85716 |
| |
| **Agent Status:** APPOINTED |

### Additional Corporate Information

| | |
|---|---|
| **Corporation Type:** PROFIT | **Business Type:** MANUFACTURING |
| **Incorporation Date:** 03/26/1980 | **Corporate Life Period:** PERPETUAL |
| **Domicile:** ARIZONA | **County:** PIMA |
| **Approval Date:** 03/28/1980 | **Original Publish Date:** 04/09/1980 |

### Officer Information

| | |
|---|---|
| WALTER J ZABRISKIE<br>PRESIDENT<br>22020 72ND AVE SOUTH<br>KENT,WA 98032<br>Date of Taking Office: 10/01/1991<br>Last Updated: 08/23/2006 | |

Ariz. Corp. Comm. -- Corporations Division

## Annual Reports

| Next Annual Report Due: 06/26/2008 | E-FILE An Annual Report Online  << Click Here |
| --- | --- |
| | FORMS For Annual Reports To Be Printed And Mailed. << Click Here |

| File Year | File Month | Date Received | Reason Returned | Date Returned | Extension |
| --- | --- | --- | --- | --- | --- |
| 2007 | 06 | 07/23/2007 | | | |
| 2006 | 06 | 06/29/2006 | | | |
| 2005 | 06 | 06/30/2005 | | | |
| 2004 | 06 | 06/18/2004 | | | |
| 2003 | 06 | 05/23/2003 | | | |
| 2002 | 06 | 06/28/2002 | | | |
| 2001 | 06 | 06/22/2001 | | | |
| 2000 | 06 | 06/08/2000 | | | |
| 1999 | 06 | 07/22/1999 | | | |
| 1998 | 06 | 08/04/1998 | | | |
| 1996 | 09 | 09/25/1997 | | | |
| 1995 | 09 | 01/22/1996 | | | |
| 1994 | 09 | 03/21/1995 | FINANCIAL DISCLOSURE | 01/12/1996 | |
| 1993 | 09 | 01/14/1994 | EXPIRED CHECK | 03/09/1995 | |
| 1992 | 09 | 01/15/1993 | | | |
| 1991 | 09 | 01/21/1992 | | | |
| 1990 | 09 | 01/17/1991 | | | |
| 1989 | 09 | 01/08/1990 | | | |
| 1988 | 09 | 01/19/1989 | | | |
| 1987 | 09 | 01/19/1988 | | | |

Back To Top

## Scanned Documents
**(Click on gray button to view document - will open in a new window)**

| Document Number | Description | Date Received |
| --- | --- | --- |
| -00127806 | 96 ANNUAL REPORT | 09/25/1997 |
| -00205925 | 98 ANNUAL REPORT | 08/04/1998 |
| 00039449 | 99 ANNUAL REPORT | 07/22/1999 |

| 00163505 | 00 ANNUAL REPORT | 06/08/2000 |
| 00327988 | 01 ANNUAL REPORT | 06/22/2001 |
| 00518017 | 02 ANNUAL REPORT | 06/28/2002 |
| 00712645 | 03 ANNUAL REPORT | 05/23/2003 |
| 00960337 | 04 ANNUAL REPORT | 06/18/2004 |
| 01256797 | 05 ANNUAL REPORT | 06/30/2005 |
| 01671269 | 06 ANNUAL REPORT | 06/29/2006 |
| 02096001 | 07 ANNUAL REPORT | 07/23/2007 |

Back To Top

## Administrative Dissolutions and Reinstatements

**(Click on gray button - if present - to view notice - will open in a new window)**

| Administrative Dissolution Date | Administrative Dissolution Reason | Reinstatement Date |
|---|---|---|
| 04/10/1984 | | 06/22/1984 |
| 04/10/1983 | | 07/12/1983 |

Back To Top

## Microfilm

| Location | Date Received | Description |
|---|---|---|
| 20005006008 | 04/10/1983 | REVOCATION |
| 10038028041 | 07/12/1983 | 82 ANNUAL REPORT |
| 20007060048 | 07/12/1983 | REINSTATEMENT |
| 20007078016 | 07/12/1983 | REINSTATEMENT (MAIL RETURNED FILM ONLY) |
| 20010037028 | 09/16/1983 | 83 ANNUAL REPORT/MAIL RETURNED |
| 20015066030 | 02/08/1984 | DELINQUENT NOTICE/MAIL RETURNED |
| 20016024031 | 04/10/1984 | REVOCATION |
| 20017012008 | 04/24/1984 | REVOCATION NOTICE/MAIL RETURNED |
| 10100003042 | 06/22/1984 | 83 ANNUAL REPORT |
| 20018036043 | 06/22/1984 | REINSTATEMENT |
| 10135014046 | 01/14/1985 | 84 ANNUAL REPORT |
| 10209014019 | 02/24/1986 | 85 ANNUAL REPORT |

Ariz. Corp. Comm. -- Corporations Division

| 10274017010 | 01/15/1987 | 86 ANNUAL REPORT |
| 10351017023 | 01/19/1988 | 87 ANNUAL REPORT |
| 20079070041 | 01/13/1989 | CORPORATION ADDRESS CHANGE |
| 10432029042 | 01/19/1989 | 88 ANNUAL REPORT |
| 10506037021 | 01/08/1990 | 89 ANNUAL REPORT |
| 10584017027 | 01/17/1991 | 90 ANNUAL REPORT |
| 10658025035 | 01/21/1992 | 91 ANNUAL REPORT |
| 10729030034 | 01/15/1993 | 92 ANNUAL REPORT |
| 10812009012 | 01/14/1994 | 93 ANNUAL REPORT |
| 10924018006 | 03/21/1995 | 94 ANNUAL REPORT |
| 10995004010 | 01/22/1996 | 95 ANNUAL REPORT |
| 11168012008 | 08/25/1997 | 96 ANNUAL REPORT |
| 11261008005 | 06/25/1998 | 98 ANNUAL REPORT |
| 31547002021 | 07/22/1999 | 99 ANNUAL REPORT |
| 31581002696 | 06/08/2000 | 00 ANNUAL REPORT |
| 31623002445 | 06/22/2001 | 01 ANNUAL REPORT |
| 31673003588 | 06/28/2002 | 02 ANNUAL REPORT |
| 31728001052 | 05/23/2003 | 03 ANNUAL REPORT |
| 31813001632 | 06/18/2004 | 04 ANNUAL REPORT |
| 20333022038 | 08/10/2005 | FILM ONLY (OTHER) |

Back To Top

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**

Ariz. Corp. Comm. -- Corporations Division

Page 1 of 1

Arizona Corporation Commission

05/21/2008

State of Arizona Public Access System

9:13 AM

| Corporate Status Inquiry |
| --- |
| File Number:  -0504117-3 |
| Corp. Name: TITUS TOOL COMPANY INC. |

## This Corporation is in Good Standing

This information is provided as a courtesy and does not constitute legally binding information regarding the status of the entity listed above. To obtain an official Certificate indicating that the entity is in good standing click on **Print Certificate** and follow printing instructions. To re-print a previously generated Certificate of Good Standing click **Reprint Certificate**.

[ Print Certificate ]          [ Reprint Certificate ]

[ Return to Corporate Inquiry ]

# EXHIBIT D

APR-08-2002 MON 02:33 PM MCMICHAEL MEDLIN & WEIR    FAX NO. 318 221 0008    P. 02

# SALES CONTRACT

This Sales contract (in further text Contract) is made between

LAMA d.d. Dekani, 6001 Koper, Slovenia ( in further text Lama )

and

HARDWARE Resources L.L.C. of Bossier City, Louisiana, USA ( in further text Hardware),

on the October 20th, 1999,

WHEREAS Hardware is presently engaged in the design, manufacture, marketing and sales of a range of products including concealed hinges, known as Basic and Basic ST hinges. Basic and Basic ST hinges identified herein as the Products.

WHEREAS Hardware wishes to engage in the business of purchasing, marketing, reselling and distributing of the Products in the United States of America and its territories and insular possessions ( in further text: the Territory ),

the parties hereto, in consideration of mutual covenants contained herein, agree as follows:

## I. DUTIES of LAMA

Lama hereby appoints Hardware as seller of Products within the Territory and grants Hardware the right to purchase for resale in accordance with the terms of this Contract, whereas such appointment and such right will continue until terminated in accordance with article VIII. of this Contract. In case Hardware fulfills the provisions of article III. of this Contract Lama shall not sell the Product to anyone else in the Territory.

The contract parties state that Lama is already selling the Products in the Territory to Amerock Corporation, Rockford, Illinois, what does not constitute a violation of this Contract.

## II. TERMS of DISTRIBUTION

a) Until termination of this Contract Lama agrees to supply Hardware along with the Products also other articles it produces if this is not in collision with the existing and future commitments of Lama and under the terms and conditions to be agreed upon time to time.

b) Hardware agrees that, until this Contract is terminated according to its provisions, it will:

   1) promote, market and sell the Products in the Territory,

   2) currently inform Lama about the market situation in the Territory, competition activity, opportunities, new product necessity as well as the need for improvement of existing products, and similar,

   3) organize at least once a year mutual visits of important customers,

   4) carry a sufficient supply of the Products through purchases of inventory, which in Hardware's sole discretion is adequate to satisfy reasonable demands of customers in the territory,

   5) pay all amounts due to Lama hereunder, when due. The largest amount of debt without a guarantee may not exceed 300.000.- US dollars,

   6) and comply with al laws, ordinances, rules and regulations applicable to its performance under this Contract and obtain all necessary licenses and permits needed for its performance under this Contract, as well as pay all taxes, fees, charges and assessments imposed by any federal, state or local government authority.

c) Participation on fairs and other promotion activities will be agreed by the parties separately.

d) Hardware agrees to use its best efforts to market and sell the Products in the Territory.

e) Hardware and its President Mr. Lowe agree that during the term of this Contract they shall not be engaged, directly or indirectly, in any business activities which compete with the activities carried out under this Contract, with the exception of the final sale of FGV hinges on inventory the day this Contract is made. The inventory of FGV hinges is estimated to 25.000.- US dollars. The only exception to the above are 130 degree FGV hinges needed to round out Hardwares inventory until Lama can develop a comparable product.

## III. MINIMUM PURCHASE

Hardware agrees to make the following minimum purchases from Lama:

a) Hardware agree that it will make a gross purchase of the Products in the year 1999 in the amount of 950.000.- US dollars, which dollar amount includes purchases made by Hardware prior to the effective date of this Agreement. The estimated purchase for 1999 is actually 1.050.000.-, but some of this amount may be shipped in the early part of January due to production schedules or shipping

b) Hardware agree that it will make a gross purchase of the Products in the year 2000 in the amount of 2.000.000.- US dollars.

c) Hardware agree that it will make a gross purchase of the Products in the year 2001 in the amount of 3.000.000.- US dollars.

d) Hardware agree that it will make a gross purchase of the Products in the year 2002 in the amount of 3.000.000.- US dollars, whereas the precise higher amount will be mutually determined in the first quarter of the year 2001.

If, due to any reasons whatsoever, Hardware does not succeed or is not able to reach any of these minimal yearly purchases, Lama will be free to sell the Products to anybody within the Territory, and/or terminate this Contract with immediate effect. ~~In no case shall Hardware be held responsible for indirect a consequential~~ *damages* Lama shall use its best efforts to provide Hardware on a timely basis with Products that are subject to this Contract.

## IV. PRICES

a) Hardware will in his name and on his behalf sell the Products. The price list for the Products is stated in Attachment No.1, that is an integral part of this contract. Hardware shall be free to determine the selling price of the goods in regards to third persons.

b) Lama agrees to maintain its current pricing to Hardware till the end of 2001, which shall not apply in case of an increase of production costs for more than 10 % or fall of the US exchange against rate the EURO valid on the date of agreement for more than 10 %.

c) ~~Beginning in 2002~~ Lama agrees to use its best efforts to maintain its current pricing, but if is unable to do so it will maintain its pricing at a level that will allow Hardware to be competitive in selling against Ferrari, Salice and FGV in the Territory.

d) Lama agrees that during the term of this Contract it shall not sale the Products to any other customer in the Territory at prices or on terms that are substantially more favorable than the prices and terms granted to Hardware.

## V. QUALITY of PRODUCTS

Lama undertakes to supply Products at standard quality, that is in accordance with the supplied samples. In case of discrepancies Lama will accept quality complaints presented in a period of 6 months from the date of supply. In cases of substantiated quality complaints the Products shall be replaced with adequate ones. If Lama is for longer period unable to supply Hardware Products which conform with the samples previously supplied by Lama, except for the reasons of Force Majeure, then Hardware may terminate this

Contract. In no case shall Lama be held responsible for indirect or consequential damages, loss of production or lack of profit.

The Products may be used only for purposes for which they have been made and in accordance with the instructions for use from the last catalogue of the producer. .

## VI. DEVELOPMENT of NEW ARTICLES

The contract parties agree to develop new articles for the U.S. market during the duration of this Contract. The development of new articles and the definition of this will be subject to a special agreement.

## VII. PATENTS

To the best of Lama's knowledge the Basic and Basic ST hinges may be sold in the Territory without conflict with third parties patents or trademarks.

## VIII. DURATION and TERMINATION of the CONTRACT

The Contract shall be effective upon its execution and delivery by the parties hereto and will remain so till the end of the year 2002. This agreement may be terminated immediately by either party by written notice given by mail, telegraph, fax or otherwise in the event of:

a) insolvency of the other party, bankruptcy or dissolution,

b) any failure of the other party to comply with the provisions of this Contract that has not been remedied in ten (10) days after a written notice was given thereof.

Notice to Hardware :        Hardware Resources
                           4319 Marlena
                           Bossier City, LA 71111
                           USA
                           Attention : President
                           Via fax (318 ) 742 9513

Notice to Lama :           LAMA d.d., Dekani
                           6001 Koper, P.O.B. 91
                           Slovenia
                           Attention: President
                           Via fax: + 386 66 490 102

## IX. FORCE MAJEURE

Each Lama and Hardware shall be relieved of their obligations under this Contract if, when and to the extent the other party is unable to perform hereunder or is limited in such performance because of Force Majeure. As used herein, Force Majeure shall include Acts of God, fires, explosions, bombings, floods, civil commotion, riots, labor disputes, strikes, lockouts, boycotts, picketing or other industrial disturbances, announced or unannounced wars, acts of military police, blockades, invasions, insurrections, power failures, failures or curtailments as well as delay of sources of supply of materials used in the manufacture of the Products, imposition of government priorities, and all similar business interruptions, casualties, events and circumstances beyond control of Lama and Hardware, whether related or unrelated, similar or dissimilar to any of the foregoing. When the limitations or curtailment caused by Force Majeure shall have ended, the obligations of Lama and Hardware shall be restored to full force and effect.

## X. CONFIDENTIALITY

Neither party shall disclose the terms of this Contract to third persons, except for its attorneys, accountants or other legitimate counselors, its owners and the persons authorized by such owners or if so required by a court of law. If such disclosure is made, these persons shall be advised in writing that this document is confidential and that the contents should not be further disclosed. The provisions of this article shall survive the termination of this Contract.

Either party hereto shall at all times keep confidential and not disclose to any third party any secret or confidential information to which such party shall become privy by reason of the negotiation, preparation, execution, delivery or performance of this Contract.

## XI. ENTIRE AGREEMENT

This Contract constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof; all prior negotiations, agreements and understandings are merged herein.

## XII. MODIFICATION

This Contract shall not be amended or modified in any respect unless in writing signed by both parties hereto, as the contract itself was made.

## XIII. SEVERABILITY

If any provision of this Contract shall be deemed illegal the remaining provisions shall remain in full force and effect, except if because of a illegal provisions the entire agreement looses its sense and purpose.

## XIV. SETTLEMENT of DISPUTES

Except for claims for injunctive relief against any of the parties to this contract or against any third parties arising out of the breach of this contract, any dispute, controversy, or claim arising out of or relating to this Agreement, or to the breach, termination or invalidity hereof shall be settled by an arbitration in accordance with the UNCITRAL arbitration rules in force as of date hereof. In the event of any conflict between the said rules and this clause, the provisions of this clause shall govern. The Chairman of the London, England Chamber of commerce shall be the appointing authority and shall administer the arbitration. The number of arbitrators shall be three, with one appointed by Lama and Hardware each, and the third selected by such appointees. The place of arbitration shall be London, England. The language used in the arbitration shall be English. The arbitration shall interpret this contract in accordance with the substantive laws of the United Kingdom. Subject to the Rules of this Agreement and the UNCITRAL arbitration rules, the arbitral tribunal may conduct the arbitration in such manner as it considers appropriate, provided that the parties are treated with equality and that at any stage of the proceedings each party is given a full opportunity of presenting his case. Judgment upon the award of the arbitrators may be entered in any court having jurisdiction hereof. The parties acknowledge that this contract and any award rendered pursuant to it shall be governed by the United Nations convention on the recognition and enforcement of foreign arbitration awards, adopted in 1958.

## XV. LANGUAGE

The English version of this Contract, regardless of whether a translation in any other language is or will be made, shall be the only authorized version hereof.

## XVI. COUNTERPARTS

The Contract is made in four counterparts, each of which shall deemed an original. Each party receives two counterparts.

Lama d.d.                                    Hardware Resources LLC

Signed by  ........DRAGO JERFAN...... Signed by  ...................

Title  ..................PRESIDENT...  Title  ...President...........

# EXHIBIT E

# *U.S. Marketing Agreement*

between

Lama d.d. , a Slovenian Corporation

And

Hardware Resources Division of Progressive Stamping and Plating, Inc.,
a Louisiana Corporation.

### *Commitment of HR to Lama.*

HR agrees to buy and sell Lama hinges in the US market under the Lama brand name with pricing and terms that been previously agreed to. HR agrees that Lama hinges will be offered and promoted as the premium hinge product. HR further agrees to restrict the sales of it's Chinese hinge to markets that require a low cost product to compete with DTC , FGV and other China products. HR will not allow Lama business to be replaced by the Chinese hinge. HR will also not sell the Chinese hinge to existing Lama/Amerock Distributors.

HR agrees to promote the Lama hinge (see attached distribution offer) to all former customers of Lama via Amerock with extreme efforts to protect this market share for Lama. HR will make every attempt to keep these customers happy and reduce friction of the direct sales force of HR against these customers per the distribution offer attached.

HR has hired a Lama specialist to work only the Lama products with both distribution and OEM customers. He is based in Atlanta and has the responsibility to work the entire US market for this product line. He will also work directly with Lama people to make sales calls on specific target accounts. He will be available to work with Lama people on short notice and will devote his time to helping Lama better understand the US market. HR further agrees to keep this position filled if Mark Nelson leaves HR employment for any reason.

HR agrees to make best efforts to meet the following purchase commitments:

Next 12 months (beginning after Amerock direct containers are cleared)- \$3.5mm representing no loss of market share. The major factor is the excess inventory that will be in US market due to over-buying from Amerock customers.

After Lama produces the new 125 hinge, we expect to have a 35% per year growth in Lama hinge business for the next 3 years...

HR further estimates that the volume of new 125 hinges to be 9 million pieces after having enough time market it properly.

1

## Commitment of Lama to HR

Lama agrees to 100% loyalty to HR. No other direct sales to US market.

Lama people are free to make sales calls in US market, if accompanied by HR hinge specialist.

Lama will provide a new 125 hinge ready for shipment in early September of 2004.

Lama will provide samples of a tool free (Inserta style) hinge for existing 110 clip on hinge by June of 2004.

Lama will provide a new FF plate for standard 110 hinge per HR specifications by October of 2004 or sooner.

Lama agrees to keep close tolerance of dowels to 8,4 – 8,6 mm.

## Joint Commitments

HR and Lama will share 50/50 advertising cost of promoting the new 125 hinge.

HR and Lama will work together to with HR to remain competitive in US market.

HR and Lama will work to build a US joint venture to produce a new face frame hinge. Details to be worked out at a later date. HR has already designed and made drawings for the new plating facility to accommodate this venture. Lama will provide tooling and machine cost estimates in near future.

This agreement shall remain in effect unless cancelled in writing by either party.

Bossier City,  May 22th,2004

Lama d.d. Dekani

Ivan Majcen
President

Hardware Resources Division of
Progressive Stamping and Plating, Inc.,

Jeff Lowe
President

2

# EXHIBIT F

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
       SHREVEPORT

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **5:07cv1875** |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT FOR DAMAGES

The complaint of Hardware Resources, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Koper, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

### JURISDICTION AND VENUE

3. Lama and Titus conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

4.  The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5.  This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

6.  Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

7.  Hardware is engaged in the business of selling functional and decorative furniture hardware.

8.  Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of a majority of the stock of Lama. Since then, it has acquired 100 percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States.

9.  On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware. The execution of the Agreement affirmed and continued a long-standing relationship between Hardware and Lama whereby Hardware had acted as exclusive distributor of Lama hinges in the United States.

10.  In reliance on the commitments and promises of Lama in the Agreement (and in previous agreements) that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired

personnel and purchased inventory from Lama. and purchased and distributed hinge-installation equipment for the use and benefit of the end-users of lama hinges.

11. At some point, Lama breached the Agreement and began marketing and selling its hinges directly to consumers, including Hardware's customers, in the United States through its parent company Titus.

12. Such activities constitute breach of the Agreement by Lama.

13. As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

14. Upon its purchase of Lama, Titus became a business competitor of Hardware.

15. Titus exerted control over Lama as its majority owner and shareholder.

16. Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.

17. Such conduct constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

18. As a result of Titus' illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

19. Hardware is entitled to recover from Titus its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

17.  Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama and Titus, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
        James C. McMichael, Jr.
        La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

STATE OF LOUISIANA

PARISH OF CADDO

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is employed by Hardware Resources, Inc. as its Chief Financial Officer, that he has read the above and foregoing Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___ day of November, 2007.

_____
Notary Public

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| PLC | ) ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

### JURISDICTION AND VENUE

1.     Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.     The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.     This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.     Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

### COUNT I - BREACH OF CONTRACT

5.     Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.     Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of one hundred percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.     On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.    In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.    At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.   Such activities constitute breach of the Agreement by Lama.

11.   As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.   Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.   Titus exerts control over Lama as its sole owner and shareholder.

14.   Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.   Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.   As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.    Hardware is entitled to recover from Titus and Titus Tool its actual damages, attorneys fees and cost of these proceedings.

### JURY DEMAND

18.    Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama, Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
      James C. McMichael, Jr.
      La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) | Civil Action No. 5:07cv1875 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE S. MAURICE HICKS |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | MAGISTRATE JUDGE |
| | ) | MARK L. HORNSBY |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

### VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___5___ day of December _____, 2007.

_____
Notary Public

# EXHIBIT H

McMICHAEL, MEDLIN, D'ANNA & WEDGEWORTH, L.L.C.
Attorneys and Counselors at Law
504 Texas Street, Suite 400
Post Office Box 72
Shreveport, LA 71161-0072
Telephone: 318-221-1004
Facsimile: 318-221-0008

James C. McMichael, Jr.
W. Deryl Medlin*
John R. D'Anna
A. L. Wedgeworth, III
  *Board Certified in Taxation
  and in Estate Planning
  and Administration

Of Counsel
Norman I. Lafargue

Associate
Caroline Hunsicker

January 10, 2008

Via Certified Mail
Return Receipt Requested
No. 7000 1530 0004 3688 1381

and

Via Facsimile (253) 872-2827

Titus Tool Co. Inc.
22020 72rd Avenue South
Kent WA 98032

Re:    No. 5:07v1875; Hardware Resources, a Division of Progressive Stamping
       & Plating, Inc. vs. Titus International Plc, Lama d.d. and Titus Tool
       Company, Inc.

Dear Representative:

       Enclosed please find a copy of the Complaint for Damages and First Amended and
Supplemental Complaint for Damages filed in the above matter on November 9, 2007 and December
7, 2007 in which Titus Tool Company, Inc. has been named as a defendant.

       A Notice of Lawsuit and Waiver of Service Summons is also enclosed. Please read over the
documents and respond to me as requested in the Notice.

                              Very truly yours,

                              James C. McMichael, Jr.

JCM/mm
Enclosure

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Titus Tool Co Inc
22020 72nd Ave. South
Kent WA 98032

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Theresa M Slomowitz_   □ Agent   □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                  1/14/08

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☑ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)    7000 1530 0004 3688 1381

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

7000 1530 0004 3688 1381

Sent To   Titus Tool Co. Inc.

Street, Apt. No.; or PO Box No.   22020 72nd Ave.

City, State, ZIP+4   Kent WA 98032

P. 1

\* \* \* Communication Result Report ( Jan. 10. 2000 2:50PM ) \* \* \*

1)
2)} MMD W

Date/Time: Jan. 10. 2008  2:37PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 4219 Memory TX | G3-AT :12538722827 | P. 15 | OK | |

---

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

---

McMICHAEL, MEDLIN, D'ANNA, WEDGEWORTH & LAFARGUE, L.L.C.
Attorneys and Counselors at Law
504 Texas Street, Suite 400
Post Office Box 72
Shreveport, LA. 71161-0072
Telephone: (318) 221-1004
Facsimile: (318) 221-0003

Janet C. McMichael, Jr.
W. Doyl Medlin*
John R. D'Anna
A. L. Wedgeworth, III
Norman J. Lafargue

*Board Certified Tax Law and
Estate Planning and Administration
Specialist

Associate
Candice Brunkhor

TELECOPY TRANSMITTAL LETTER

January 10, 2008

TO:        Titan Tool Co. Inc.
           22020 72nd Avenue South
           Kent WA. 98032

Re:        No. 3:07cv1875; Hardware Resources, a Division of Progressive Stamping
           & Plating, Inc. vs. Titan International Plc, Lees d. and Titan Tool
           Company, Inc.

FROM:      Mari McMichael
           Paralegal to
           James C. McMichael, Jr.

Fax No.    (253) 872-2827

Total Pages (including this cover page): _____

Comments: _____

IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS WITH RECEIVING,
PLEASE CALL: (318) 221-1004.

___ Original being mailed                    ___ Original not being mailed

The information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

AO 398 (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)   <u>TITUS TOOL COMPANY, INC.</u>

as   (B)   _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ WESTERN _____ District of _____ LOUISIANA _____ and has been assigned docket number (E) _____ 5:07CV1875 _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ 20 _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ 10TH _____ day of JANUARY _____, 2008 _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO:  HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I,  TITUS TOOL CO. INC. , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of  HARDWARE VS. LAMA ET AL ,
(CAPTION OF ACTION)

which is case number  5:07CV1875  in the United States District Court
(DOCKET NUMBER)

for the  WESTERN  District of  LOUISIANA .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____ (DATE)    _____ (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# 5:07cv1875

## OVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
HARDWARE RESOURCES, INC.

**DEFENDANTS**
LAMA, d.d. AND TITUS INTERNATIONAL PLC

**(b)** County of Residence of First Listed Plaintiff    Bossier Parish, Louisiana
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Koper, Slovenia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James C. McMichael, Jr. / McMichael, Medlin, D'Anna, Wedgeworth & Lafargue, P. O. Box 72, Shreveport, LA 71161  ph 318.221.1004

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. Sec. 1332
Brief description of cause:
BREACH OF CONTRACT AND UNFAIR TRADE PRACTICES

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE
11/9/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 9 - 2007

ROBERT H. SHEMWELL, CLERK
BY ―――――――― DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HARDWARE RESOURCES, INC.          )          Civil Action No.
                                  )
                                  )
            Plaintiff,            )
                                  )
vs.                               )          **5:07cv1875**
                                  )
LAMA, d. d. and TITUS INTERNATIONAL )
PLC                               )
                                  )
            Defendants.           )          **JURY DEMANDED**

## COMPLAINT FOR DAMAGES

The complaint of Hardware Resources, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Koper, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

### JURISDICTION AND VENUE

3. Lama and Titus conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

4.  The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5.  This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

6.  Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

### COUNT I - BREACH OF CONTRACT

7.  Hardware is engaged in the business of selling functional and decorative furniture hardware.

8.  Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of a majority of the stock of Lama. Since then, it has acquired 100 percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States.

9.  On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware. The execution of the Agreement affirmed and continued a long-standing relationship between Hardware and Lama whereby Hardware had acted as exclusive distributor of Lama hinges in the United States.

10. In reliance on the commitments and promises of Lama in the Agreement (and in previous agreements) that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired

personnel and purchased inventory from Lama. and purchased and distributed hinge-installation equipment for the use and benefit of the end-users of lama hinges.

11. At some point, Lama breached the Agreement and began marketing and selling its hinges directly to consumers, including Hardware's customers, in the United States through its parent company Titus.

12. Such activities constitute breach of the Agreement by Lama.

13. As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

### COUNT II - UNFAIR TRADE PRACTICES

14. Upon its purchase of Lama, Titus became a business competitor of Hardware.

15. Titus exerted control over Lama as its majority owner and shareholder.

16. Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.

17. Such conduct constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

18. As a result of Titus' illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

19. Hardware is entitled to recover from Titus its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

17. Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama and Titus, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
James C. McMichael, Jr.
La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

STATE OF LOUISIANA

PARISH OF CADDO

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is employed by Hardware Resources, Inc. as its Chief Financial Officer, that he has read the above and foregoing Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the 9 day of November, 2007.

Notary Public

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE S. MAURICE HICKS |
| LAMA, d. d. and TITUS INTERNATIONAL PLC | ) ) ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

## JURISDICTION AND VENUE

1.      Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.      The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.      This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.      Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

5.      Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.      Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates.  In 2006, Titus became the owner of one hundred percent of the stock of Lama.  Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.      On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States.  In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.    In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.    At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.    Such activities constitute breach of the Agreement by Lama.

11.    As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.    Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.    Titus exerts control over Lama as its sole owner and shareholder.

14.    Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.    Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.    As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.    Hardware is entitled to recover from Titus and Titus Tool its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

18.    Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama, Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
     James C. McMichael, Jr.
     La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE S. MAURICE HICKS |
| LAMA, d. d. and TITUS INTERNATIONAL | ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| PLC | ) ) | |
| Defendants. | ) | JURY DEMANDED |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___5___

day of December _____, 2007.

_____
Notary Public

# EXHIBIT I

McMICHAEL, MEDLIN, D'ANNA & WEDGEWORTH, L.L.C..
Attorneys and Counselors at Law
504 Texas Street, Suite 400
Post Office Box 72
Shreveport, LA 71161-0072
Telephone: 318-221-1004
Facsimile: 318-221-0008

James C. McMichael, Jr.
W. Deryl Medlin*
John R. D'Anna
A. L. Wedgeworth, III
  *Board Certified in Taxation
  and in Estate Planning
  and Administration

Of Counsel
Norman I. Lafargue

Associate
Caroline Hunsicker

January 11, 2008

Titus International Plc
10 Brook Business Centre
Cowley Mill Road
Uxbridge Middlesex
UB8 2FX

Re:    No. 5:07v1875; Hardware Resources, a Division of Progressive Stamping
     & Plating, Inc. vs. Titus International Plc, Lama d.d. and Titus Tool
     Company, Inc.

Dear Representative:

    Enclosed please find a copy of the Complaint for Damages and First Amended and
Supplemental Complaint for Damages filed in the above matter on November 9, 2007 and December
7, 2007 in which Titus International Plc has been named as a defendant.

    A Notice of Lawsuit and Waiver of Service Summons is also enclosed. Please read over the
documents and respond to me as requested in the Notice.

Very truly yours,

James C. McMichael, Jr.

JCM/mm
Enclosure

◦AO 398 (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)    Titus International Plc _____

as    (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____ WESTERN _____ District of _____ LOUISIANA _____
and has been assigned docket number (E) _____ 5:07CV1875 _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ 20 _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ 10TH _____ day of
JANUARY _____ , _____ 2008 _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399                                                                          (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO:  HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.
                        (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I,            TITUS INTERNATIONAL PLC            , acknowledge receipt of your request
                        (DEFENDANT NAME)

that I waive service of summons in the action of            HARDWARE VS. LAMA ET AL            ,
                                                                    (CAPTION OF ACTION)

which is case number            5:07CV1875            in the United States District Court
                                        (DOCKET NUMBER)

for the            WESTERN            District of            LOUISIANA            .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can
return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring
that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction
or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after            _____
                                                                                (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____                _____
        (DATE)                                        (SIGNATURE)

                        Printed/Typed Name:    _____

                        As  _____  of  _____
                                    (TITLE)                      (CORPORATE DEFENDANT)


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A
defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to
do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place
or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses
and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action
has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the
complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against
that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service
was received.

# 5:07cv1875

COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HARDWARE RESOURCES, INC. | LAMA, d.d. AND TITUS INTERNATIONAL PLC |

(b) County of Residence of First Listed Plaintiff   **Bossier Parish, Louisiana**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Koper, Slovenia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James C. McMichael, Jr. / McMichael, Medlin, D'Anna, Wedgeworth & Lafargue, P. O. Box 72, Shreveport, LA 71161  ph 318.221.1004

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. Sec. 1332

Brief description of cause:
BREACH OF CONTRACT AND UNFAIR TRADE PRACTICES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                DOCKET NUMBER

DATE  **11/9/07**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE



U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 9 - 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HARDWARE RESOURCES, INC.                )    Civil Action No.
                                        )
                                        )
            Plaintiff,                  )
                                        )    **5:07cv1875**
vs.                                     )
                                        )
LAMA, d. d. and TITUS INTERNATIONAL     )
PLC                                     )
                                        )
            Defendants.                 )    **JURY DEMANDED**

## COMPLAINT FOR DAMAGES

The complaint of Hardware Resources, Inc. a Louisiana Corporation ("Hardware"), by and

through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City,

Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in

Koper, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and

shareholder of Lama, d. d.

### JURISDICTION AND VENUE

3. Lama and Titus conduct business throughout the United States of America and the State

of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of

general and specific personal jurisdiction by this Court.

4. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5. This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

6. Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

7. Hardware is engaged in the business of selling functional and decorative furniture hardware.

8. Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of a majority of the stock of Lama. Since then, it has acquired 100 percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States.

9. On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware. The execution of the Agreement affirmed and continued a long-standing relationship between Hardware and Lama whereby Hardware had acted as exclusive distributor of Lama hinges in the United States.

10. In reliance on the commitments and promises of Lama in the Agreement (and in previous agreements) that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired

personnel and purchased inventory from Lama. and purchased and distributed hinge-installation equipment for the use and benefit of the end-users of lama hinges.

11. At some point, Lama breached the Agreement and began marketing and selling its hinges directly to consumers, including Hardware's customers, in the United States through its parent company Titus.

12. Such activities constitute breach of the Agreement by Lama.

13. As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

14. Upon its purchase of Lama, Titus became a business competitor of Hardware.

15. Titus exerted control over Lama as its majority owner and shareholder.

16. Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.

17. Such conduct constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

18. As a result of Titus' illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

19. Hardware is entitled to recover from Titus its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

17. Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama and Titus, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
        James C. McMichael, Jr.
        La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

STATE OF LOUISIANA

PARISH OF CADDO

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is employed by Hardware Resources, Inc. as its Chief Financial Officer, that he has read the above and foregoing Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the 9 day of November, 2007.

_____
Notary Public

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL PLC | ) ) ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants. | ) ) | JURY DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

## JURISDICTION AND VENUE

1.    Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.    The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.    This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.    Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

5.    Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.    Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of one hundred percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.    On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.    In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.    At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.    Such activities constitute breach of the Agreement by Lama.

11.    As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.    Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.    Titus exerts control over Lama as its sole owner and shareholder.

14.    Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.    Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.    As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.   Hardware is entitled to recover from Titus and Titus Tool its actual damages, attorneys fees and cost of these proceedings.

### JURY DEMAND

18.   Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama, Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____

James C. McMichael, Jr.
La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL PLC | ) ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants. | ) ) | JURY DEMANDED |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___5___

day of December _____, 2007.

_____
Notary Public

# EXHIBIT J

McMICHAEL, MEDLIN, D'ANNA & WEDGEWORTH, L.L.C.
Attorneys and Counselors at Law
504 Texas Street, Suite 400
Post Office Box 72
Shreveport, LA 71161-0072
Telephone: 318-221-1004
Facsimile: 318-221-0008

James C. McMichael, Jr.
W. Deryl Medlin*
John R. D'Anna
A. L. Wedgeworth, III
*Board Certified in Taxation
and in Estate Planning
and Administration

Of Counsel
Norman I. Lafargue

Associate
Caroline Hunsicker

January 11, 2008

Lama d.d. Dekani
Dekani 5
6271 Dekani, Slovenija

Re:    No. 5:07v1875; Hardware Resources, a Division of Progressive Stamping
& Plating, Inc. vs. Titus International Plc, Lama d.d. and Titus Tool
Company, Inc.

Dear Representative:

Enclosed please find a copy of the Complaint for Damages and First Amended and
Supplemental Complaint for Damages filed in the above matter on November 9, 2007 and December
7, 2007 in which Lama d.d. Dekani has been named as a defendant.

A Notice of Lawsuit and Waiver of Service Summons is also enclosed. Please read over the
documents and respond to me as requested in the Notice.

Very truly yours,

James C. McMichael, Jr.

JCM/mm
Enclosure

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: (A)   Lama d.d. Dekani _____

as   (B) _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____ WESTERN _____ District of _____ LOUISIANA _____
and has been assigned docket number (E) _____ 5:07CV1875 _____ .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ 20 _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ 10TH _____ day of
_____ JANUARY _____ , _____ 2008 _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399                                                                                (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO:     HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.
                            (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

        I,          Lama d.d. Dekani                              , acknowledge receipt of your request
                            (DEFENDANT NAME)

that I waive service of summons in the action of          HARDWARE VS. LAMA ET AL              ,
                                                                (CAPTION OF ACTION)

which is case number                  5:07CV1875                      in the United States District Court
                                        (DOCKET NUMBER)

for the          WESTERN          District of          LOUISIANA          .

        I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can
return the signed waiver to you without cost to me.

        I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring
that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

        I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction
or venue of the court except for objections based on a defect in the summons or in the service of the summons.

        I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____,
                                                                                    (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____                          _____
            (DATE)                                          (SIGNATURE)

                        Printed/Typed Name:          _____

                        As  _____  of  _____
                                        (TITLE)                      (CORPORATE DEFENDANT)


### Duty to Avoid Unnecessary Costs of Service of Summons

        Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A
defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to
do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

        It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place
or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses
and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action
has been brought.

        A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the
complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against
that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service
was received.

**5:07cv1875**

**OVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HARDWARE RESOURCES, INC. | LAMA, d.d. AND TITUS INTERNATIONAL PLC |

(b) County of Residence of First Listed Plaintiff **Bossier Parish, Louisiana**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Koper, Slovenia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James C. McMichael, Jr. / McMichael, Medlin, D'Anna, Wedgeworth & Lafargue, P. O. Box 72, Shreveport, LA 71161  ph 318.221.1004

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **PRISONER PETITIONS** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Habeas Corpus:** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

(Tort columns also include: ☐ 362 Personal Injury - Med. Malpractice, ☐ 365 Personal Injury - Product Liability, ☐ 368 Asbestos Personal Injury Product Liability; **PERSONAL PROPERTY** ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability)

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. Sec. 1332
Brief description of cause:
BREACH OF CONTRACT AND UNFAIR TRADE PRACTICES

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  11/9/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 9 - 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
        SHREVEPORT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HARDWARE RESOURCES, INC.          )      Civil Action No.
                                  )
         Plaintiff,               )
                                  )
vs.                               )      **5:07cv1875**
                                  )
LAMA, d. d. and TITUS INTERNATIONAL )
PLC                               )
                                  )
         Defendants.              )      JURY DEMANDED

## COMPLAINT FOR DAMAGES

The complaint of Hardware Resources, Inc. a Louisiana Corporation ("Hardware"), by and

through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City,

Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in

Koper, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and

shareholder of Lama, d. d.

### JURISDICTION AND VENUE

3. Lama and Titus conduct business throughout the United States of America and the State

of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of

general and specific personal jurisdiction by this Court.

4. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5. This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

6. Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

7. Hardware is engaged in the business of selling functional and decorative furniture hardware.

8. Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of a majority of the stock of Lama. Since then, it has acquired 100 percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States.

9. On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware. The execution of the Agreement affirmed and continued a long-standing relationship between Hardware and Lama whereby Hardware had acted as exclusive distributor of Lama hinges in the United States.

10. In reliance on the commitments and promises of Lama in the Agreement (and in previous agreements) that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired

personnel and purchased inventory from Lama. and purchased and distributed hinge-installation equipment for the use and benefit of the end-users of lama hinges.

11. At some point, Lama breached the Agreement and began marketing and selling its hinges directly to consumers, including Hardware's customers, in the United States through its parent company Titus.

12. Such activities constitute breach of the Agreement by Lama.

13. As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

14. Upon its purchase of Lama, Titus became a business competitor of Hardware.

15. Titus exerted control over Lama as its majority owner and shareholder.

16. Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.

17. Such conduct constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

18. As a result of Titus' illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

19. Hardware is entitled to recover from Titus its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

17. Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama and Titus, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
    James C. McMichael, Jr.
    La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

STATE OF LOUISIANA

PARISH OF CADDO

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH

who, after being first duly sworn, deposed that he is employed by Hardware Resources, Inc. as its

Chief Financial Officer, that he has read the above and foregoing Complaint for Damages, and that

the statements of fact contained therein are true and correct to the best of his knowledge, information

and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___9___

day of November, 2007.

_____
Notary Public

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) | Civil Action No. 5:07cv1875 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE S. MAURICE HICKS |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | MAGISTRATE JUDGE |
| | ) | MARK L. HORNSBY |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

## JURISDICTION AND VENUE

1.    Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.    The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.    This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.    Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

### COUNT I - BREACH OF CONTRACT

5.    Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.    Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of one hundred percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.    On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.    In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.    At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.    Such activities constitute breach of the Agreement by Lama.

11.    As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.    Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.    Titus exerts control over Lama as its sole owner and shareholder.

14.    Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.    Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.    As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.    Hardware is entitled to recover from Titus and Titus Tool its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

18.    Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama, Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
James C. McMichael, Jr.
La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL PLC | ) ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants. | ) ) | JURY DEMANDED |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the __5__

day of December _____, 2007.

_____
Notary Public

# EXHIBIT K

McMICHAEL, MEDLIN, D'ANNA, WEDGEWORTH & LAFARGUE, L.L.C.

Attorneys and Counselors at Law

504 Texas Street, Suite 400

Post Office Box 72

Shreveport, LA  71161-0072

Telephone: 318-221-1004

Facsimile: 318-221-0008

James C. McMichael, Jr.
W. Deryl Medlin*
John R. D'Anna
A. L. Wedgeworth, III
Norman I. Lafargue
   *Board Certified in Taxation
   and in Estate Planning
   and Administration

Associate
Caroline Hunsicker

March 12, 2008

Mr. Iain Grant
Titus International Plc
10 Brook Business Centre
Cowley Mill Road
Uxbridge Middlesex
United Kingdom
UB8 2FX

Re:   No. 5:07v1875; Hardware Resources, a Division of Progressive Stamping
& Plating, Inc. vs. Titus International Plc, Lama d.d. and Titus Tool
Company, Inc.

Dear Representative:

On January 11, 2008, I forwarded to you a copy of the Complaint for Damages and First Amended and Supplemental Complaint for Damages filed in the above matter on November 9, 2007 and December 7, 2007 in which Titus International Plc has been named as a defendant. We have still not received your response to the Waiver of Service Summons we provided for your signature.

I have attached another copy of the referenced documents. At your earliest convenience, please sign the Waiver of Service and return to my attention.

I am available to answer any questions you may have regarding this process. Please feel free to contact me at the number listed above.

Very truly yours,

James C. McMichael, Jr.

JCM/mm
Enclosure

AO 398 (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)   Titus International Plc _____

as   (B)   _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____ WESTERN _____ District of _____ LOUISIANA _____
and has been assigned docket number (E) _____ 5:07CV1875 _____ .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) _____ 20 _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ 10TH _____ day of
JANUARY _____ , _____ 2008 _____ .


_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff


A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

℘AO 399

(Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>TITUS INTERNATIONAL PLC</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>HARDWARE VS. LAMA ET AL</u>,
(CAPTION OF ACTION)

which is case number <u>5:07CV1875</u> in the United States District Court
(DOCKET NUMBER)

for the <u>WESTERN</u> District of <u>LOUISIANA</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                    (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**5:07cv1875**

**COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
HARDWARE RESOURCES, INC.

**DEFENDANTS**
LAMA, d.d. AND TITUS INTERNATIONAL PLC

**(b)** County of Residence of First Listed Plaintiff   Bossier Parish, Louisiana
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Koper, Slovenia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James C. McMichael, Jr. / McMichael, Medlin, D'Anna, Wedgeworth & Lafargue, P. O. Box 72, Shreveport, LA 71161  ph 318.221.1004

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. Sec. 1332

**VI. CAUSE OF ACTION**
Brief description of cause:
BREACH OF CONTRACT AND UNFAIR TRADE PRACTICES

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE ____   DOCKET NUMBER ____

DATE  11/9/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #____   AMOUNT____   APPLYING IFP____   JUDGE____   MAG. JUDGE____

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 9 - 2007

ROBERT H. SPEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HARDWARE RESOURCES, INC.        )        Civil Action No.
                                )
                                )
        Plaintiff,              )
                                )
                                )        **5:07cv1875**
vs.                             )
                                )
LAMA, d. d. and TITUS INTERNATIONAL )
PLC                             )
                                )
        Defendants.             )        JURY DEMANDED

## COMPLAINT FOR DAMAGES

The complaint of Hardware Resources, Inc. a Louisiana Corporation ("Hardware"), by and

through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City,

Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in

Koper, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and

shareholder of Lama, d. d.

### JURISDICTION AND VENUE

3. Lama and Titus conduct business throughout the United States of America and the State

of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of

general and specific personal jurisdiction by this Court.

4. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5. This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

6. Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

7. Hardware is engaged in the business of selling functional and decorative furniture hardware.

8. Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of a majority of the stock of Lama. Since then, it has acquired 100 percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States.

9. On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware. The execution of the Agreement affirmed and continued a long-standing relationship between Hardware and Lama whereby Hardware had acted as exclusive distributor of Lama hinges in the United States.

10. In reliance on the commitments and promises of Lama in the Agreement (and in previous agreements) that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired

personnel and purchased inventory from Lama. and purchased and distributed hinge-installation equipment for the use and benefit of the end-users of lama hinges.

11. At some point, Lama breached the Agreement and began marketing and selling its hinges directly to consumers, including Hardware's customers, in the United States through its parent company Titus.

12. Such activities constitute breach of the Agreement by Lama.

13. As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

14. Upon its purchase of Lama, Titus became a business competitor of Hardware.

15. Titus exerted control over Lama as its majority owner and shareholder.

16. Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.

17. Such conduct constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

18. As a result of Titus' illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

19. Hardware is entitled to recover from Titus its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

17. Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama and Titus, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
    James C. McMichael, Jr.
    La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

STATE OF LOUISIANA

PARISH OF CADDO

### VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is employed by Hardware Resources, Inc. as its Chief Financial Officer, that he has read the above and foregoing Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___ day of November, 2007.

_____
Notary Public

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| PLC | ) ) | |
| Defendants. | ) ) | JURY DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of  Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

## JURISDICTION AND VENUE

1.     Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.     The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.     This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.     Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

5.     Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.     Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates.  In 2006, Titus became the owner of one hundred percent of the stock of Lama.  Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.     On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States.  In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.    In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.    At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.    Such activities constitute breach of the Agreement by Lama.

11.    As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.    Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.    Titus exerts control over Lama as its sole owner and shareholder.

14.    Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.    Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.    As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.    Hardware is entitled to recover from Titus and Titus Tool its actual damages, attorneys fees and cost of these proceedings.

### JURY DEMAND

18.    Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama, Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA, WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
    James C. McMichael, Jr.
    La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL PLC | ) ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants. | ) ) ) | JURY DEMANDED |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the __5__ day of December _____, 2007.

_____
Notary Public

Total:                    $50.00

Paid by:                  $50.00
Personal Check

Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clicknship to print
shipping labels with postage. For
other information call
1-800-ASK-USPS

Bill#:10004004
Clerk:03

All sales find
Refunds for gu
Thank you

*************
*************
   HELP US

Go to: http

TELL US
POST

YOUR
*************
*************

Cu

---

EH 095791735 US

**EXPRESS MAIL**
Customer Copy
Label 11-B, March 200
UNITED STATES POSTAL SERVICE®
Post Office To Addressee

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 71101
Day of Delivery: ☐ Next ☐ 2nd ☐ 2nd Del Day
Postage: $2.500

Date Accepted: 3-12-8
Scheduled Date of Delivery:
Return Receipt Fee:

Time Accepted: 2 30 ☐ AM ☒ PM
Scheduled Time of Delivery: ☐ Noon ☐ 3 PM
COD Fee:
Insurance Fee: $

Military: ☐ 2nd Day ☐ 3rd Day
Flat Rate ☐ or Weight: lbs. 4 ozs.
Int'l Alpha Country Code:
Acceptance Emp. Initials:
Total Postage & Fees: $

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature
Mo. Day
Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature
Mo. Day
Delivery Date | Time | ☐ AM ☐ PM | Employee Signature
Mo. Day

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or
Postal Service Acct. No.

**WAIVER OF SIGNATURE** (Domestic Mail Only)
☐ NO DELIVERY ☐ Weekend ☐ Holiday

**FROM:** (PLEASE PRINT) PHONE ( )
Mr Michael Medina D'Amico
and Lafargue
504 Texas St. Ste. 400
P.O. Box 72 Shreveport La
71161

**TO:** (PLEASE PRINT) PHONE ( )
Mr. Ian Grant
Titus International Plc
18 Brook Business Centre
Cowley Mill Rd. Uxbridge Middlesex
United Kingdom UB8 2FX

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)
☐☐☐☐☐ + ☐☐☐☐
FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

USPS - Track & Confirm



Home | Help | Sign In

Track & Confirm       FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **EH09 5791 735U S**
Status: **Delivered Abroad**

Your item was delivered in GREAT BRITAIN at 3:48 PM on March 17, 2008.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                                ]

( Go > )

---

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )

**Proof of Delivery**
Verify who signed for your item by email, fax, or mail.  ( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT L

McMICHAEL, MEDLIN, D'ANNA, WEDGEWORTH & LAFARGUE, L.L.C.
Attorneys and Counselors at Law
504 Texas Street, Suite 400
Post Office Box 72
Shreveport, LA  71161-0072
Telephone: 318-221-1004
Facsimile: 318-221-0008

James C. McMichael, Jr.
W. Deryl Medlin*
John R. D'Anna
A. L. Wedgeworth, III
Norman I. Lafargue
  *Board Certified in Taxation
  and in Estate Planning
  and Administration

Associate
Caroline Hunsicker

March 12, 2008

Lama d.d. Dekani
Dekani 5
6271 Dekani, Slovenija

      Re:    No. 5:07v1875; Hardware Resources, a Division of Progressive Stamping
              & Plating, Inc. vs. Titus International Plc, Lama d.d. and Titus Tool
              Company, Inc.

Dear Representative:

      On January 11, 2008, I forwarded to you a copy of the Complaint for Damages and First
Amended and Supplemental Complaint for Damages filed in the above matter on November 9, 2007
and December 7, 2007 in which Lama d.d. Dekani has been named as a defendant. We have still not
received your response to the Waiver of Service Summons we provided for your signature.

      I have attached another copy of the referenced documents.  At your earliest convenience,
please sign the Waiver of Service and return to my attention.

      I am available to answer any questions you may have regarding this process.  Please feel free
to contact me at the number listed above.

              Very truly yours,

              James C. McMichael, Jr.

JCM/mm
Enclosure

AO 398 (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)  <u>Lama d.d. Dekani</u>

as     (B)  _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the
(D) _____ WESTERN _____ District of _____ LOUISIANA _____
and has been assigned docket number (E) _____ 5:07CV1875 _____

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ 20 _____ days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ 10TH _____ day of
<u>JANUARY</u> , <u>2008</u>

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399                                                                                          (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO:  HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I,  _____ Lama d.d. Dekani _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of  _____ HARDWARE VS. LAMA ET AL _____ ,
(CAPTION OF ACTION)

which is case number  _____ 5:07CV1875 _____  in the United States District Court
(DOCKET NUMBER)

for the  _____ WESTERN _____  District of  _____ LOUISIANA _____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after  _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____        _____
(DATE)                                          (SIGNATURE)

                    Printed/Typed Name:  _____

                    As  _____  of  _____
(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# 5:07cv1875

**COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
HARDWARE RESOURCES, INC.

**DEFENDANTS**
LAMA, d.d. AND TITUS INTERNATIONAL PLC

**(b)** County of Residence of First Listed Plaintiff   Bossier Parish, Louisiana
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Koper, Slovenia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James C. McMichael, Jr. / McMichael, Medlin, D'Anna, Wedgeworth & Lafargue, P. O. Box 72, Shreveport, LA 71161  ph 318.221.1004

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **PERSONAL INJURY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 362 Personal Injury – Med. Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 365 Personal Injury – Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 370 Other Fraud | | | |
| ☐ 290 All Other Real Property | ☐ 371 Truth in Lending | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 380 Other Personal Property Damage | **PRISONER PETITIONS** | | |
| ☐ 441 Voting | ☐ 385 Property Damage Product Liability | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 442 Employment | | Habeas Corpus: | | |
| ☐ 443 Housing/ Accommodations | | ☐ 530 General | | |
| ☐ 444 Welfare | | ☐ 535 Death Penalty | | |
| ☐ 445 Amer. w/Disabilities – Employment | | ☐ 540 Mandamus & Other | | |
| ☐ 446 Amer. w/Disabilities – Other | | ☐ 550 Civil Rights | | |
| ☐ 440 Other Civil Rights | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. Sec. 1332
Brief description of cause:
BREACH OF CONTRACT AND UNFAIR TRADE PRACTICES

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE   11/9/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 9 - 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HARDWARE RESOURCES, INC.    )    Civil Action No.
    )

    Plaintiff,    )
    )
vs.    )
    )
LAMA, d. d. and TITUS INTERNATIONAL    )
PLC    )
    )
    Defendants.    )

## 5:07cv1875

**JURY DEMANDED**

### COMPLAINT FOR DAMAGES

The complaint of Hardware Resources, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Koper, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

### JURISDICTION AND VENUE

3. Lama and Titus conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

4. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5. This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

6. Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

7. Hardware is engaged in the business of selling functional and decorative furniture hardware.

8. Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of a majority of the stock of Lama, Since then, it has acquired 100 percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States.

9. On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware. The execution of the Agreement affirmed and continued a long-standing relationship between Hardware and Lama whereby Hardware had acted as exclusive distributor of Lama hinges in the United States.

10. In reliance on the commitments and promises of Lama in the Agreement (and in previous agreements) that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired

personnel and purchased inventory from Lama. and purchased and distributed hinge-installation equipment for the use and benefit of the end-users of lama hinges.

11. At some point, Lama breached the Agreement and began marketing and selling its hinges directly to consumers, including Hardware's customers, in the United States through its parent company Titus.

12. Such activities constitute breach of the Agreement by Lama.

13. As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

14. Upon its purchase of Lama, Titus became a business competitor of Hardware.

15. Titus exerted control over Lama as its majority owner and shareholder.

16. Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.

17. Such conduct constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

18. As a result of Titus' illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

19. Hardware is entitled to recover from Titus its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

17. Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama and Titus, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
James C. McMichael, Jr.
La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

STATE OF LOUISIANA

PARISH OF CADDO

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is employed by Hardware Resources, Inc. as its Chief Financial Officer, that he has read the above and foregoing Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___9___ day of November, 2007.

_____
Notary Public

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| PLC | ) ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

## JURISDICTION AND VENUE

1.    Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.    The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.    This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.    Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

## COUNT I - BREACH OF CONTRACT

5.    Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.    Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates. In 2006, Titus became the owner of one hundred percent of the stock of Lama. Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.    On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States. In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.      In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.      At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.     Such activities constitute breach of the Agreement by Lama.

11.     As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.     Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.     Titus exerts control over Lama as its sole owner and shareholder.

14.     Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.     Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.     As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.    Hardware is entitled to recover from Titus and Titus Tool its actual damages, attorneys fees and cost of these proceedings.

## JURY DEMAND

18.    Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama, Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____

James C. McMichael, Jr.
La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) ) ) | Civil Action No. 5:07cv1875 |
| Plaintiff, | ) ) | JUDGE S. MAURICE HICKS |
| vs. | ) ) | |
| LAMA, d. d. and TITUS INTERNATIONAL PLC | ) ) ) | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants. | ) ) | JURY DEMANDED |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH

SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the __5__ day of December _____, 2007.

_____
Notary Public

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Customer Copy
Label 11-B, March 2004

Post Office To Addressee

EH 095791721 US

**DELIVERY (POSTAL USE ONLY)**

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 71101

Day of Delivery: ☐ Next ☐ 2nd ☐ 2nd Del Day

Postage: $25.00

Date Accepted: 3-12-8

Scheduled Date of Delivery

Return Receipt Fee: $

Time Accepted: 2:30 ☑ PM

Scheduled Time of Delivery: ☐ Noon ☐ 3 PM

COD Fee: $    Insurance Fee: $

Military: ☐ 2nd Day ☐ 3rd Day

Total Postage & Fees: $25—

Flat Rate or Weight: lbs. ___ ozs.

Int'l Alpha Country Code

Acceptance Emp. Initials

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

FROM: (PLEASE PRINT)  PHONE ( 318 )  221-1004

McMichael, Medlin, D'Anna, Wed
and Lafargue
504 Texas St. Ste 400
P.O. Box 72 Shreveport, La
71161

TO: (PLEASE PRINT)  PHONE ( )

_____ria d.d. Dekani
_____kani.5
___71 Dekani, Slov___

**FOR PICKUP OR TRACKING**
Visit www.usps.com
Call 1-800-222-1811

USPS - Track & Confirm


**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: EH09 5791 721U S
Status: **Delivered Abroad**

Your item was delivered in SLOVENIA at 2:02 PM on March 18, 2008.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                                    ]

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail.   ( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT M

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### WESTERN District of LOUISIANA

HARDWARE RESOURCES, DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.

V.

IAMA, d.d. and TITUS INTERNATIONAL
PLC

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   5:07cv1875

TO: (Name and address of Defendant)

Titus International Plc
10 Brook Business Centre
Cowley Mill Road
Uxbridge Middlesex
United Kingdom
UB8 2FX

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sidney E. Cook, Jr.
Michael K. Leachman
Cook, Yancey, King & Galloway
P.O. Box 22260
1700 Regions Bank
333 Texas Street
Shreveport, LA 71120-2260
318-221-6277

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

ROBERT H. SHEMWELL

CLERK

(BY) DEPUTY CLERK

*March 20, 2008*

DATE

✎AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE 28th MARCH 2008 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* KEVIN JOHN HEALEY | TITLE MR |
|---|---|

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: 10, BROOK BUSINESS CENTRE, COWLEY MILL ROAD, UXBRIDGE MIDDLESEX UB8 2FX, ENGLAND

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL GB£31~90 | SERVICES GB£132-00 | TOTAL GB£163~90 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 31st MARCH 2008
Date

_Signature of Server_

54, CHURCH ROAD, CRYSTAL PALACE. LONDON SE19 2EU. ENGLAND
_Address of Server_

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT N

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

WESTERN District of LOUISIANA

HARDWARE RESOURCES, DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.

V.

LAMA, d.d. and TITUS INTERNATIONAL
PLC

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 5:07cv1875

TO: (Name and address of Defendant)
Lama d.d.
Dekani 5
6271 Dekani, Slovenija

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sidney E. Cook, Jr.
Michael K. Leachman
Cook, Yancey, King & Galloway
P.O. Box 22260
1700 Regions Bank
333 Texas Street
Shreveport, LA 71120-2260
318-221-6277

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

ROBERT H. SHEMWELL
CLERK

(By) DEPUTY CLERK

March 20, 2008
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 4.4.2008 | |
| NAME OF SERVER *(PRINT)* CITY EXPRESS d.o.o. ZORAN KRISTAN | TITLE Gregorčičeva 23 1000 LJ | |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: _LAMA d.d., Dekani S 6271 DEKANI_

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL 21 EUR + DDV | SERVICES 85,40 + DDV | TOTAL 106,40 + DDV |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4.4.2008

Date _____ Signature of Server

City Express d.o.o.
Gregorčičeva 23, 1000 LJUBLJANA
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT O

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Western District of Louisiana

Hardward Resources,
a Division of
Progressive Stamping & Plating, Inc.

V.

Titus International Plc, Lama d.d. and Titus
Tool Company, Inc.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:    5:07v1875

TO: (Name and address of Defendant)

**TITUS TOOL CO. INC**
22020 72ND AVENUE SOUTH
KENT WA 98032

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JAMES C. MCMICHAEL, JR.
MCMICHAEL MEDLIN, D'ANNA, WEDGEWORTH & LAFARGUE, LLC
P O BOX 72
SHREVEPORT LA 71161-0072

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

ROBERT H. SHEMWELL
CLERK

DATE    3/10/08

AO 440 (Rev. 10/93) Summons in a Civil Action

(By) DEPUTY CLERK
AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE 3/13/08 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* Ross Lunbeck | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☒ Returned unexecuted: _____

☒ Other (specify): By corona Serve upon Leah Lobelter _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _3/17/___   _____
              Date          Signature of Server

16256 militar Rd S #301 Seattle WA
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# **EXHIBIT P**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| **HARDWARE RESOURCES, INC.** | **CIVIL ACTION NO. 5:07-CV-1875** |
| **Plaintiff** | |
| | **JUDGE S. MAURICE HICKS** |
| **Versus** | **MAGISTRATE JUDGE MARK L. HORNSBY** |
| **LAMA, d.d., TITUS INTERNATIONAL PLC, and TITUS TOOL COMPANY, INC.,** | **JURY DEMANDED** |
| **Defendants** | |

### MOTION TO CONTINUE TO ALLOW JURISDICTIONAL DISCOVERY

NOW INTO COURT, through undersigned counsel, comes, HARDWARE RESOURCES, INC., ("Hardware Resources") plaintiff herein, who respectfully requests for a continuance of defendants Titus International PLC's ("Titus International") and Titus Tool Company, Inc.'s ("Titus Tool") Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 14) in order to allow movant to conduct limited jurisdictional discovery and would respectfully show the Court as follows:

### I.    Background

This lawsuit arises out of a Marketing Agreement which was executed on May 22, 2004 ("2004 Marketing Agreement") in Bossier City, Louisiana by and between Hardware Resources and Lama, d.d. ("Lama"). The 2004 Marketing Agreement provided that Hardware Resources would act as the exclusive distributor of Lama hinges in the United States, with Lama committing "100% loyalty" to Hardware Resources and promising to make "no other direct sales to the U.S. Market."

In 2006, Lama was acquired by Titus International, a company engaged in the business of selling fasteners and accessories for the consumer self-assembly furniture industry. Titus International distributes its products in the United States through its subsidiary, Titus Tool, whose offices are located in Kent, Washington. Subsequent to the 2006 acquisition, Titus International and Titus Tool began marketing and selling Lama hinges directly to customers and other distributors in the United States.

On November 9, 2007 Hardware Resources filed its original Complaint against Lama and Titus International alleging breach of contract and unfair trade practices. Hardware Resources filed its First Amended Complaint adding Titus Tool as a defendant on December 7, 2007.

On April 17, 2008, Titus International and Titus Tool filed a Motion to Dismiss in Lieu of Their Answer, asserting that this Court lacks personal jurisdiction over the named defendants.[1] On April 18, 2008, this Court entered a Notice of Motion Setting (Document No. 16), advising that the aforementioned motion to dismiss would be submitted to the Honorable S. Maurice Hicks, Jr. on June 6, 2008. Opposing briefs were ordered due within 15 calendar days from the date of the notice, or May 5, 2008. Plaintiff Hardware Resources now seeks an order to continue consideration of the motion to dismiss to allow plaintiff reasonable time to conduct discovery exploring defendants contacts with Louisiana.

## II.    Law and Argument

When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction,[2] the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v.*

---

[1] Defendant Lama, d.d. was served on April 4, 2008. However, as of the filing of this motion, Lama has not made an appearance in this matter.

[2] A court has personal jurisdiction over a nonresident defendant if (1) the forum state's Long-Arm Statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. See *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, the Court must determine only

*Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985). In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of ... recognized [discovery] methods." *Id.*

Hardware Resources avers that Titus International and Titus Tool have availed themselves of the benefits of this state by transacting business in Louisiana and/or contracting to supply services or things in Louisiana. In fact, in their motion to dismiss, Titus International and Titus Tool admit that products have been shipped to distributors in Louisiana. The defendants also admit that company representatives make business trips to Louisiana. Nevertheless, the defendants assert that they do not have the requisite continuous and systematic contacts with Louisiana to subject themselves to general personal jurisdiction, nor do they have sufficient contacts to subject themselves to specific personal jurisdiction. Consequently, jurisdictional discovery is needed to explore whether the defendants have engaged in activities which would subject the defendants to the personal jurisdiction of this Court.

Opposing counsel have expressed their intention to oppose this motion.

---

whether the exercise of its jurisdiction in this case satisfies federal due process requirements. La.Rev.Stat. Ann. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation


By: s/Michael K. Leachman
  Sidney E. Cook, Jr. #01311
  Michael K. Leachman #30158
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, Louisiana 71120
(318) 221-6277 telephone
(318) 227-7850 facsimile
sidney.cook@cookyancey.com
michael.leachman@cookyancey.com

ATTORNEYS FOR PLAINTIFF,
HARDWARE RESOURCES, INC.


### CERTIFICATE OF SERVICE

  I hereby certify that on this 22nd day of April, 2008, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: A.

Carter Mills IV and Michael Aschen.


       s/Michael K. Leachman

       Michael K. Leachman

# EXHIBIT Q

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC., | CIVIL ACTION NO. 5:07-CV-1875 |
| Plaintiff, | JUDGE S. MAURICE HICKS |
| -against- | MAGISTRATE JUDGE MARK L. HORNSBY |
| LAMA, d.d., TITUS INTERNATIONAL PLC, and TITUS TOOL COMPANY, INC., | DEFENDANT LAMA, d.d.'s ANSWER, AFFIRMATIVE DEFENSES, and COUNTERCLAIM |
| Defendants. | |

The defendant Lama, d.d. ("Lama"), by its attorneys McNew, King, Mills, Burch & Landry LLP, and Abelman Frayne & Schwab, answer the complaint as follows:

### THE PARTIES

1.    In response to paragraph 1 of the complaint, Lama states that it has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein, and on that basis denies them.

2.    Lama admits the allegations in paragraph 2 of the complaint.

3.    Lama admits the allegations in paragraph 3 of the complaint.

4.    Lama admits the allegations in paragraph 4 of the complaint.

### JURISDICTION AND VENUE

5.    In response to paragraph 1 of the complaint, Lama admits only that the Court has specific personal jurisdiction over it with regard to the cause of action plead against it. Lama

further states that it has insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations therein, and on that basis denies them.

      6.   Lama admits the allegations in paragraph 2 of the complaint.

      7.   Lama admits the allegations in paragraph 3 of the complaint.

      8.   Lama admits the allegations in paragraph 4 of the complaint.

### COUNT I - BREACH OF CONTRACT

      9.   In response to paragraph 5 of the complaint, Lama admits that the plaintiff has distributed furniture hardware. Lama has insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations in paragraph 5 of the complaint, and on that basis, denies them.

      10.   In response to paragraph 6 of the complaint, Lama admits that it manufactures premium hinges and plates, and that in 2006, it was acquired by the defendant Titus International PLC ("Titus UK"). Lama has insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations in paragraph 6 of the complaint, and on that basis, denies them.

      11.   In response to paragraph 7 of the complaint, Lama admits that on May 22, 2004, the plaintiff and Lama signed an agreement entitled "U.S. Marketing Agreement". There is no need for Lama to respond to the plaintiff's characterizations and selective quotations from the agreement in paragraph 7 of the complaint as the agreement speaks for itself. To the extent they

-2-

differ from the contract, the allegations in paragraph 7 are denied.

12. In response to paragraph 8 of the complaint, Lama denies that it breached any of its commitments and promises in the "U.S. Marketing Agreement". Lama has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations therein, and on that basis denies them.

13. In response to paragraph 9 of the complaint, Lama admits that the defendant Titus Tool Company, Inc. ("Titus US"), has distributed its products in the United States. Lama denies that it breached the "U.S. Marketing Agreement". Lama has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations therein, and on that basis denies them.

14. Lama denies the allegations set forth in paragraph 10 of the complaint.

15. Lama denies the allegations set forth in paragraph 11 of the complaint.

COUNT II - UNFAIR TRADE PRACTICES

16. Lama is unable to admit or deny the truth or falsity of the allegations in paragraph 12 of the complaint because the term "business competitor" used therein is a legal term, and is further indefinite as to the products and/or markets it is intended to apply to, and on that basis denies them.

17. Lama is unable to admit or deny the truth or falsity of the allegations in paragraph 13 of the complaint because the term "exerts control" used therein is a legal term, and is further

-3-

indefinite as to the nature and extent of the purported "control",
and on that basis denies them.

18. Lama denies the allegations set forth in paragraph
14 of the complaint.

19. Lama denies the allegations set forth in paragraph
15 of the complaint.

20. Lama denies the allegations set forth in paragraph
16 of the complaint.

21. Lama denies the allegations set forth in paragraph
17 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

22. The plaintiff is not entitled to relief due to
accord and satisfaction.

### SECOND AFFIRMATIVE DEFENSE

23. The claims alleged are barred in whole or in part
under the Doctrine of Laches, Estoppel, waiver or acquiescence.

### THIRD AFFIRMATIVE DEFENSE

24. The claims alleged are barred in whole or in part
under the Doctrine of Unclean Hands.

### COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 13

Lama, through its undersigned attorneys, for its
counterclaims against the plaintiff/counter-defendant Hardware
Resources, alleges as follows:

### THE PARTIES

25. Lama is and was at all relevant times a corporation
organized and existing under the laws of Slovenia, with an office
in Dekani, Slovenia.

26.   Lama is a well known designer, manufacturer, and distributor of a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates, and has prominently identified these products using its "LAMA®" trademark.

27.   Upon information and belief, Hardware Resources previously was a division of Progressive Stamping & Plating, Inc., a corporation organized and existing under the laws of the State of Louisiana, with a business office at 4319 Marlena St., Bossier City, LA 71111.

28.   Upon information and belief, on October 13, 2006, Progressive Stamping and Plating, Inc. changed its name to "Hardware Resources, Inc."

27.   Upon information and belief, Hardware Resources manufactures and sells, *inter alia*, cabinet hardware and decorative wood products in interstate commerce, and within this Western District of Louisiana.

### JURISDICTION AND VENUE

28.   Through these counterclaims, Lama seeks monetary damages arising from Hardware Resources' breach of two agreements between the parties.

29.   Lama also seeks to enjoin Hardware Resources, and those acting in concert with it, from deliberately attempting to confuse the public concerning the source, origin or sponsorship of, *inter alia*, its concealed hinges, and from seeking to trade upon and destroy its distinctive "LAMA®" trademark, and its business reputation and good will.

-5-

30.  This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

31.  Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. §§ 1391.

### FACTS COMMON TO ALL CAUSES OF ACTION

32.  Since at least 1980, Lama has sold a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates, and has prominently identified these products using its "LAMA®" trademark.

33.  Lama, owns all rights to Federal Registration № 2,072,064 for the trademark "LAMA®" (the "'064 Registration").

34.  The '064 Registration issued on March 5, 1996, is registered on the principal register maintained by the United States Patent and Trademark Office, is valid and subsisting, and is incontestible pursuant to 15 U.S.C. § 1115(b).

35.  The '064 Registration constitutes *prima facie* evidence of the validity of the "LAMA®" trademark, and of Lama's exclusive right to use the trademark in commerce.

36.  Long before the acts of Hardware Resources complained of herein, as the result of the promotion and sale of goods identified by its "LAMA®" trademark, and as a result of the high quality of goods offered in connection with the trademark, the "LAMA®" trademark has acquired a valuable reputation and is now recognized by consumers as originating from and being associated only with Lama.

37.  As a direct result of this usage, the unique and distinctive "LAMA®" trademark has become well-known and is

-6-

associated by the public with Lama, and it represents a business and good will of significant value.

38.   In 1999, Hardware Resources and Lama entered into a "Sales Contract" pursuant to which Hardware Resources would have a non-exclusive right to distribute Lama hinges in the United States.

39.   The 1999 Sales Contract further provided that Hardware Resources would "... use its best efforts to market and sell the Products in the Territory...," and would "... not be engaged, directly or indirectly, in any business activities which compete with the activities carried out under this Contract."

40.   The 1999 Sales Contract was effective through 2002.

41.   In 2001, Hardware Resources began to import and sell in the United States hinges in direct competition with Lama's products.  The Hardware Resources hinges were direct copies of Lama hinges and used essentially the same product numbers to identify the hinges.

42.   On May 22, 2004, Hardware Resources and Lama entered into a "U.S. Marketing Agreement" pursuant to which Hardware Resources agreed to restrict its sales of low quality Chinese hinges, to expand and develop the customer base for the Lama European range of products, and to use its best efforts to meet specified minimum purchase commitments.

43.   Upon information and belief, Hardware Resources undermined Lama's United States customer base by, *inter alia*, advising its customers that low quality Chinese hinges sold by Hardware Resources were, in sum or substance, "cheaper and just as good as Lama European hinges".

-7-

44. Upon information and belief, Hardware Resources passed-off low quality Chinese hinges to customers who had ordered Lama European hinges without their approval or knowledge.

## AS AND FOR A FIRST COUNTERCLAIM SEEKING
### MONETARY RELIEF FOR BREACH OF CONTRACT

45. Lama realleges paragraphs 1 through 44 as if fully set forth herein.

46. By, *inter alia*, selling its own brand of European hinges beginning with its May 2001 Catalogue, Hardware Resources materially breached the 1999 Sales Contract.

47. As a proximate result of the aforementioned conduct, Lama has been damaged.

48. On account of the activities of Hardware Resources in this State, County and Western District of Louisiana, and throughout the United States, including its breach of the 1999 Sales Contract, Lama is entitled to a money judgment against Hardware Resources in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

## AS AND FOR A SECOND COUNTERCLAIM SEEKING
### MONETARY RELIEF FOR BREACH OF CONTRACT

49. Lama realleges paragraphs 1 through 48 as if fully set forth herein.

50. By, *inter alia*, failing to restrict its sales of low quality Chinese hinges, failing to protect and develop the Lama European range of products, failing to use its best efforts to meet minimum purchase commitments, passing-off low quality Chinese hinges as Lama European hinges, and not paying invoices for goods delivered pursuant to the 2004 U.S. Marketing Agreement, Hardware Resources materially breached the 2004 U.S. Marketing Agreement.

-8-

51.    As a proximate result of the aforementioned conduct, Lama has been damaged.

52.    On account of the activities of Hardware Resources in this State, County and  Western District of Louisiana, and throughout the United States, including its breach of the 2004 U.S. Marketing Agreement, Lama is entitled to a money judgment against Hardware Resources in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A THIRD COUNTERCLAIM SEEKING
INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR COMPETITION**

53.    Lama realleges paragraphs 1 through 52 as if fully set forth herein.

54.    By, *inter alia*, advising Lama's customers that low quality Chinese hinges were "cheaper and just as good as Lama European hinges", selling low cost copies of Lama hinges using product numbers that were essentially the same as Lama's product numbers to identify the hinges, and passing-off low quality Chinese hinges as Lama hinges, Hardware Resources misled and confused the public and created injury to Lama's public image and reputation.

55.    Upon information and belief, the aforementioned conduct, the public was likely to falsely associate the attributes and characteristics of Lama's products to the hinges and other products sold by Hardware Resources.

56.    By reason of the foregoing, Hardware Resources has engaged and is continuing to engage in acts of unfair competition.

57.    Upon information and belief, Hardware Resources conduct was undertaken with knowledge that it was misleading and

-9-

with the intent to confuse, mislead and deceive consumers, and to unfairly compete with Lama.

58.  By reason of the foregoing, Lama is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

59.  On account of the activities of Hardware Resources in this State, County and  Western District of Louisiana, and throughout the United States, Lama has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**WHEREFORE**, Lama demands judgment:

a.  preliminarily and permanently enjoining and restraining Hardware Resources, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of hinges or any other products; and engaging in any other activity constituting unfair competition with Lama;

b.  directing such other relief as the Court may deem appropriate to prevent the public from being misled or deceived;

c.  directing that Hardware Resources file with the Court and serve on Lama's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent

injunction entered herein with in thirty (30) days of receipt of service of any such order or injunction;

        d.   awarding Lama its damages caused by Hardware Resources having misled and confused the public and having damaged Lama's public image and reputation, and Hardware Resources' total profit realized thereby;

        e.   directing Hardware Resources to account to Lama for damages for breach of the 1999 Sales Contract and 2004 U.S. Marketing Agreement in an amount to be determined by the Court after trial;

        f.   for an assessment of costs, interest and attorneys' fees incurred by Lama; and

        g.   for such other and further relief as the Court deems just.

Dated: May 2, 2008              **McNew, King, Mills,**
      Monroe, LA             **Burch & Landry LLP**

                             /s/ A. Carter Mills IV
                             A. Carter Mills IV
                             (La. Bar No. 20963)
                             1904 Royal Avenue
                             Monroe, Louisiana  71201
                             318-361-3156

Dated: May 2, 2008              **ABELMAN FRAYNE & SCHWAB**
      New York, NY           Michael Aschen
                             666 Third Avenue
                             New York, NY 10017
                             (212) 949-9022

                             Counsel for Defendants

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing DEFENDANT LAMA, d.d.'s ANSWER, AFFIRMATIVE DEFENSES, and COUNTERCLAIM was this 2nd day of May, 2008, filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.    Parties may access this filing through the Court's CM/ECF System.

/s/ A. Carter Mills IV

# EXHIBIT R

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC., | CIVIL ACTION NO. 5:07-CV-1875 |
| *Plaintiff,* | JUDGE S. MAURICE HICKS |
| -against- | MAGISTRATE JUDGE MARK L. HORNSBY |
| LAMA, d.d., TITUS INTERNATIONAL PLC, and TITUS TOOL COMPANY, INC., | **DECLARATION OF IAIN GRANT IN SUPPORT OF DEFENDANT TITUS INTL. PLC'S AND TITUS TOOL CO., INC.'S MOTION TO DISMISS IN LIEU OF THEIR ANSWER** |
| *Defendants.* | |

I, Iain Grant, declare and say that:

1.    I am the Chief Financial Officer of the defendant, Titus International PLC ("Titus PLC").

2.    In my role as the Chief Financial Officer of Titus PLC, I have gained a thorough understanding of the operations of and relationship between it and its subsidiary, Titus Tool Co., Inc. ("Titus US"). The purpose of this declaration is to advise the Court of certain facts pertinent to the defendants Titus PLC's and Titus US's Motion To Dismiss In Lieu of Their Answer.

3.    The purpose of this declaration is to advise the Court of certain facts pertinent to the defendants Titus PLC's and Titus US's Motion To Dismiss In Lieu of Their Answer.

4.    Titus PLC is a U.K. designer, manufacturer, and distributor of fasteners and accessories for the consumer self-assembly furniture industry. It distributes its products in the United States through its subsidiary, Titus US, whose offices are located in Kent, Washington.

5.    Titus PLC has no offices, does not solicit business, and has no bank accounts, real property, employees, or agents in Louisiana. In fact, it has no contacts with Louisiana whatsoever.

6.    Titus US has no offices, bank accounts, real property, or employees in Louisiana. Indeed, Titus US's sole contact with Louisiana has been occasional business calls and shipments of products to distributors in Louisiana.

7.    Some of the products that Titus US distributes in the United States are manufactured by the defendant Lama, d.d. ("Lama"), a Slovenian business acquired by Titus PLC early in 2006. Lama manufactures a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates.

8.    In May of 2004, prior to it being acquired by Titus PLC, Lama entered into a Marketing Agreement with Hardware Resources, pursuant to which Hardware Resources was to distribute Lama's products in the United States, promote the Lama brand, and develop the market.

9.    By April of 2006 however, it become apparent that Hardware Resources was not complying with its obligations under the 2004 Marketing Agreement. Most seriously, Hardware Resources had been substituting, in the place of genuine Lama products ordered by customers, inferior copies of Lama's products manufactured in Asia.

10.    As soon as Hardware Resources breach of the Marketing Agreement was discovered, the relationship between the parties began to deteriorate. By March 9, 2007, Hardware Resources had threatened legal action against Titus PLC.

-2-

11.  For these and the reasons in Titus PLC's and Titus US's other submissions, I respectfully request that the Court dismiss the complaint against Titus PLC and Titus US, or alternatively transfer this action to the Federal District Court for the Southern District of New York.

12.  I declare under the penalty of perjury pursuant to the laws of the State of Louisiana and the United Kingdom that the foregoing is true and correct.

Dated: April 17, 2008
      Uxbridge
      United Kingdom

                                          Iain Grant

### CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing Declaration of Iain Grant in Support of Defendant Titus Intl. PLC's and Titus Tool Co., Inc.'s Motion to Dismiss in Lieu of Their Answer was this 17th day of April, 2008, filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/ A. Carter Mills IV_