# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TITUS INTERNATIONAL PLC,

    Plaintiff,

    v.

HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.,

    Defendant.

Case No. 08-CV-02158 (WHP)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

*426867.2*

## TABLE OF CONTENTS

I. BACKGROUND ..........................................................................................................1

II. LEGAL DISCUSSION ...............................................................................................4

    A.    This Case Should Be Dismissed under the Second Circuit's
          "First to File" Rule.....................................................................................5

          1.    The Louisiana Litigation was Filed First and Competes with the New
               York Litigation..........................................................................................5

          2.    The Balance Of Convenience Weighs In The Favor Of Dismissing the
               New York Litigation in Favor Of the Louisiana Litigation......................6

          3.    There Are No Special Circumstances Which Justify Giving Priority To
               The Later Filed New York Litigation .......................................................8

    B.    In the Alternative, this Case Should Be Transferred to the
          Western District of Louisiana under 28 U.S.C. §1404(a)
          Because it is the Most Convenient Forum ..........................................................10

          1.    This Case Could Have Been Brought in the Western District
               of Louisiana ...........................................................................................10

          2.    The Convenience of the Parties and Witnesses and the
               Interests of Justice All Favor Transfer...................................................10

               a.    Louisiana is a more convenient location for the witnesses.........11

               b.    Relevant documents and access to sources of proof are
                   located in Louisiana, not New York ...........................................11

                c.    Louisiana is a more convenient location for the parties .............12

               d.    Louisiana is the locus of the operative facts that
                   form the basis of the New York Litigation .................................13

                e.    The Louisiana Court can compel the attendance of
                   unwilling witnesses....................................................................13

               f.    The relative size of the parties supports transfer
                   to Louisiana...............................................................................13

g.    The Louisiana Court is more familiar with the governing law...14

h.    Titus International's choice of forum should not
be given great weight.................................................................14

i.    Trial efficiency and the interests of justice
favor transfer to Louisiana..........................................................14

III.  CONCLUSION........................................................................................................15

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anadigics, Inc. v. Raytheon Co.*
903 F.Supp. 615 (S.D.N.Y. 1995) .......................................................................................... 11

*Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*
448 F.3d 573 (2d Cir. 2006) .................................................................................................. 14

*BuddyUSA, Inc. v. Recording Ind. Ass. Of America, Inc.*
21 Fed.Appx. 52 (2d Cir. 2001) .............................................................................................. 5

*City of New York v. Exxon Corp.*
932 F.2d 1020 (2d. Cir. 1991) ................................................................................................. 5

*D.H. Blair & Co., Inc. v. Gottdiener*
462 F.3d 95 (2d Cir. 2006) ...................................................................................................... 5

*J. Lyons & Co. v. Republic of Tea, Inc.*
892 F.Supp. 486 (S.D.N.Y. 1995) ........................................................................................... 7

*Reliance Ins. Co. v. Six Star, Inc.*
155 F.Supp.2d 49 (S.D.N.Y.2001); ........................................................................................ 7

*Schnabel v. Ramsey Quantative Systems, Inc.*
322 F.Supp.2d 505 (S.D.N.Y. 2004) ................................................................................. 5, 10

*U.S. Fidelity and Guaranty Co. v. Republic Drug Co., Inc.*
800 F.Supp. 1076 (E.D.N.Y. 1992) ...................................................................................... 10

*Verosol B.V. v. Hunter Douglas, Inc.*
806 F.Supp. 582 (E.D.Va. 1992) .......................................................................................... 15

*William Gluckin & Co. v. Int'l Playtex Corp.*
407 F.2d 177 (2d Cir. 1969) .................................................................................................... 6

**RULES**

Fed. R. Civ. P. 4(d)(1)............................................................................................................. 9

Fed. R. Civ. P. 45 .................................................................................................................. 12

**STATUTES**

28 U.S.C. §1404(a) ................................................................................................... 1, 5, 10, 15

In November of 2007, Hardware Resources, Inc. ("Hardware Resources") filed suit against Titus International, PLC ("Titus International") and other co-defendants in the Western District of Louisiana. *Hardware Resources v. Lama, d.d. et al.*, 5:07CV1875 (W.D. La.) (the "Louisiana Litigation"). The Louisiana Litigation arises out of the same facts that underlie the claims asserted by Titus International in this case. The Louisiana Litigation notwithstanding, Titus International filed the instant case (the "New York Litigation") on March 4, 2008. Because both the Louisiana Litigation and the New York Litigation arise out of the same facts, the New York Litigation should be dismissed, or in the alternative, transferred to the Western District of Louisiana pursuant to New York's "First to File" Rule.

Further, neither Titus International nor Hardware Resources has any significant ties to the State of New York. Titus International is a United Kingdom corporation with its principal place of business in England. Hardware Resources is a Louisiana corporation that maintains its principal place of business in Louisiana. All significant documents and witnesses are either in Louisiana or the United Kingdom – not New York. Therefore, assuming that the case is not either dismissed or transferred under the "First to File" Rule, it should be transferred pursuant to 28 U.S.C. §1404(a) in the interest of justice and for the convenience of the parties and witnesses.

## I. BACKGROUND

Hardware Resources is in the business of manufacturing and selling hardware components such as hinges and knobs for furniture. *See* Dec. of Jeff Lowe, ¶4. Its principal place of business is in Bossier City, Louisiana. *See, Id.* at ¶7. As such, the management personnel, officers, employees and records of Hardware Resources are located in Bossier City. *See, Id.* at ¶¶8, 9. Hardware Resources also has offices in Illinois, Georgia and California. *See, Id.* at ¶7. Until May 2008, Hardware Resources had no presence whatsoever in New York.

Since May, Hardware Resources has had a single salesperson in Long Island, New York. *Id.* Last year, less than 1% of Hardware Resources' revenue was received from sales made in the state of New York. *See, Id.* at ¶10.

Titus International is a United Kingdom corporation that sells furniture and hardware components, such as furniture hinges and drawer slides. Its office is located in Uxbridge, Middlesex in England. *See* Complaint for Injunctive Relief and Damages for Breach of Contract, and for Common Law Unfair Competition ("Complaint") at ¶1, Exh. A to Declaration of Jeffrey T. Golenbock ("Golenbock Dec."); Declaration of Iain Grant submitted by Titus International in Support of Motion to Dismiss Complaint in Louisiana Litigation, attached to Golenbock Dec. as Exh. R. To the best of defendant's knowledge, Titus International has no offices, employees or subsidiaries in the State of New York and maintains no records or documents here.

Titus International has several subsidiaries. Among them is Lama d.d. ("Lama"). *See,* Grant Dec. at ¶7, Exh. R to Golenbock Dec.; *see also*, Complaint, ¶10, Exh. A to Golenbock Dec. Lama is a Slovenia corporation with its principal place of business in Dekani, Slovenia. *See*, Grant Dec., ¶7. Exh. R to Golenbock Dec.. Lama manufactures *inter alia* furniture hinges. *Id.* To the best of defendant's knowledge, Lama has no offices or employees in the state of New York and maintains no records or documents here.

Another subsidiary of Titus International is Titus Tool Company ("Titus Tool"). Titus Tool is an Arizona corporation with its principal place of business in Kent, Washington. *See* Declaration of Kim Belisle, ¶4; *see also*, Arizona Corp. Commission Report, Exh. C to Golenbock Dec.; Grant Dec., ¶4, Exh. R to Golenbock Dec. Titus Tool is a distributor of furniture parts and hinges manufactured by Lama. *See,* Grant Dec., ¶7, Exh. R to Golenbock

Dec. Again, to the best of defendant's knowledge, Titus Tool maintains no offices, employees, records or documents in New York. In contrast, Mr. Iain Grant, the CFO of Titus International, has admitted that Titus Tool has distributors located within Louisiana. He also admits that Titus Tool conducts business calls to Louisiana and also ships products to its distributors there. *See*, Grant Dec., ¶6, Exh. R to Golenbock Dec.

In 1999, Hardware Resources and Lama entered into a contract involving the sale of furniture hinges (the "1999 Contract"). *See*, Lowe Dec., ¶5; *see also*, 1999 Contract, Exh. D to Golenbock Dec. The 1999 Contract gave Hardware Resources the exclusive right to sell some of Lama's hinges throughout the United States. *See*, Exh. D to Golenbock Dec., Section I. The 1999 Contract was negotiated, executed and was to be performed in Bossier City, Louisiana. *See*, Lowe Dec., ¶5. On December 31, 2002, the 1999 Contract expired. *See*, Exh. D to Golenbock Dec., Section VIII.

In 2004, Hardware Resources and Lama entered into a second contract (the "2004 Contract"). Pursuant to the 2004 Contract, Hardware Resources became the exclusive United States distributor of some of Lama's hinges. The 2004 Contract was negotiated, executed and was to be performed in Bossier City, Louisiana. *See*, Lowe Dec., ¶5; *see also*, 2004 Contract, attached as Exh. E to Golenbock Dec., p. 2. The 2004 Contract did not have an expiration date, and by its terms was to remain in force until terminated. *See*, Exh. E to Golenbock Dec., p. 2. Neither party has terminated the 2004 Contract. *See*, Lowe Dec., ¶6.

In 2006, a falling out occurred between Hardware Resources and Lama based on Titus Tool's distribution of Lama's hinges throughout the United States. As a result, on November 9, 2007, Hardware Resources filed suit in Louisiana. In its original complaint in the Louisiana Litigation, Hardware Resources alleged breach of the 2004 Contract and unfair trade practices.

*See,* Exh. F. On December 7, 2007, Hardware Resources amended its complaint in the Louisiana

Litigation to add Titus Tool as a defendant and to amend its unfair competition claim. *See,* First

Amended and Supplemental Complaint filed by Hardware Resources in U.S. District Court for

the Western District of Louisiana, Exh. G to Golenbock Dec.

   In early January of 2008, Hardware Resources sent copies of the Complaint for Damages

and the First Amended and Supplemental Complaint for Damages filed in the Louisiana

Litigation to Titus Tool, Titus International and Lama. *See,* Exhs. H, I and J to Golenbock Dec.

Hardware Resources also included requests for waivers of service with the complaints. *Id.* On

March 12, 2008, follow-up letters were sent to Titus International and Lama. *See,* Exhs. K and L

to Golenbock Dec. None of the defendants responded. Therefore, Hardware Resources formally

served Titus International, Lama and Titus Tool with process on March 28, 2008, April 4, 2008

and March 13, 2008, respectively. *See*, Exhs. M, N and O to Golenbock Dec.

   Lama has filed an answer and counterclaims in the Louisiana Litigation. *See*, Exh. Q to

Golenbock Dec. Lama's Counterclaim is nearly identical to the Complaint filed by Titus

International in the New York Litigation. *Id.* In lieu of an answer, Titus International and Titus

Tool filed a Motion to Dismiss. *See*, Exh. R to Golenbock Dec. Hardware Resources has filed a

Motion to Continue to Allow Jurisdictional Discovery. *See*, Exh. P to Golenbock Dec. All

briefing associated with the Motion to Continue has been completed and the parties are awaiting

a ruling.

   On March 4, 2008, almost two months after receiving notice of the Louisiana Litigation,

Titus International filed suit against Hardware Resources in New York. The Complaint in the

New York Litigation asserts breach of the 1999 and 2004 Contracts and unfair competition. The

Complaint is nearly identical to the Counterclaim asserted by Lama in the previously filed Louisiana Litigation.

As the evidence establishes, this case should be dismissed or transferred pursuant to the "First to File" Rule. Alternatively, the case should be transferred to the Western District of Louisiana pursuant to 28 U.S.C. §1404(a).

## II. <u>LEGAL DISCUSSION</u>

### A.    This Case Should Be Dismissed under the Second Circuit's "First to File" Rule.

"The general rule in this Circuit is that, as a principal of sound judicial administration, the first suit should have priority" and the subsequent action should be dismissed. This rule is commonly known as the "first to file" or "first filed" rule. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir. 2006); *BuddyUSA, Inc. v. Recording Ind. Ass. Of America, Inc.*, 21 Fed.Appx. 52, 55 (2d Cir. 2001); *Schnabel v. Ramsey Quantative Systems, Inc.*, 322 F.Supp.2d 505 (S.D.N.Y. 2004); *City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d. Cir. 1991). "The first to file rule embodies considerations of judicial administration and conservation of resources" to avoid duplicative litigation. *BuddyUSA, Inc.,* 21 Fed.Appx. at 55. The determination of which of the competing jurisdictions should be given priority is left to the sound discretion of the district court. *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).

1.    <u>The Louisiana Litigation was Filed First and Competes with the New York Litigation.</u>

The Louisiana Litigation was filed first, in November 2007. The New York Litigation was not filed until March of 2008.

Titus International had knowledge of the Louisiana Litigation prior to the filing of the New York Litigation. In January of 2008, nearly two months before Titus International filed the New York Litigation, Hardware Resources sent Titus International, Lama and Titus Tool copies

of the Complaint from the Louisiana Litigation and requests for waivers of service for each

defendant. *See,* Exh. H, I and J to Golenbock Dec. Despite Hardware Resources' attempts to

follow up with Titus International and the other parties, no response was ever received.

Consequently, Hardware Resources proceeded to formally serve Titus Tool, Titus International

and Lama. *See,* Exhs. M, N and O to Golenbock Dec. Titus International waited almost two

months after receiving notice of the Louisiana Litigation and nearly four months after the

Louisiana Litigation was filed to file suit in New York.

The factual predicates for the Louisiana Litigation and the New York Litigation, as well

as the parties, overlap. Hardware Resources and Titus International are parties in both cases.

The breach of contract claims asserted in both litigations arise out of the 2004 Contract. The

unfair competition claims asserted in the Louisiana and the New York Litigations both related to

the parties' sales of competing furniture hinges. The Counterclaim filed by Lama in the

Louisiana Litigation is nearly identical to the Complaint filed by Titus International in the New

York Litigation. *See,* Exh. Q to Golenbock Dec. Since the factual predicate and parties of both

cases overlap, the Louisiana Litigation and the New York Litigation are competing lawsuits.

"[T]here is a strong presumption in favor of the forum of the first-filed suit. " *Reliance

Ins. Co. v. Six Star, Inc.,* 155 F.Supp.2d 49, 54 (S.D.N.Y.2001); *accord, e.g., J. Lyons & Co. v.

Republic of Tea, Inc.,* 892 F.Supp. 486, 493 (S.D.N.Y. 1995). In the absence of special

circumstances, of which there are none here, application of this rule clearly supports dismissal of

this action, which is duplicative of the first-filed Louisiana Litigation.

2. The Balance Of Convenience Weighs In The Favor Of Dismissing the New York
Litigation in Favor of the Louisiana Litigation.

Application of the first-filed rule makes particular sense in a case such as this given the indisputable fact that the balance of convenience to the parties weighs strongly in favor of the first filed suit, which is in Louisiana.

Neither of the Parties has any significant contact with the State of New York. Neither of the Parties is incorporated in New York nor has a principal place of business here. Until very recently, neither of the parties had any employees in New York.

In contrast, Hardware Resources is a Louisiana corporation with its principal place of business in Bossier City, Louisiana. *See* Lowe Dec., ¶¶ 3, 7. All of the managers and officers Hardware Resources are located in Louisiana. *See*, *Id.* at ¶¶ 8, 9. Sales of most products subject to the 1999 and 2004 Contracts by Hardware Resources were made from Louisiana. *Id.* Records of the sales are there. *See*, *Id.* at ¶9. The witnesses to the contracts and sales of products are also in Louisiana. *See*, *Id.* at ¶8. Hardware Resources only has one salesman in New York who joined the company as May of this year, but who is not a witness to any of the issues in dispute between the parties.

Further, Hardware Resources obtained less than 1% of its revenues from the state of New York last year. *See*, *Id.* at ¶¶7, 10. If Hardware Resources is required to defend the New York Litigation in New York, Hardware Resources will be required to transport all of its witnesses and evidence from Louisiana to New York. Moreover, unwilling witnesses in Louisiana are beyond the subpoena power of this Court.

Similarly, Titus Tool, Titus International's U.S. subsidiary, ships products to its distributors located in Louisiana. *See*, Grant Dec., ¶6, Exh. R to Golenbock Dec. Titus Tool also engages in business calls to those distributors in Louisiana. *Id.*

To the best of defendant's knowledge, Titus International, a United Kingdom corporation, has no significant contacts with the State of New York. Titus International has not alleged that it is a party to any contract that was executed, negotiated or performed within the state of New York. On information and belief, Titus International does not have any offices, agents, employees, subsidiaries or related corporate entities that are located in New York. As such, it is defendant's belief that Titus International does not maintain any documents or evidence related to the pending litigation in New York. Therefore, either way, Titus International will be required to transport its witnesses and documents from the United Kingdom to either Louisiana or New York.

In short, neither party has any significant contacts with New York. Moreover, none of the witnesses or documents is located within New York. In contrast, both Hardware Resources and Titus International's U.S. distributors have contacts with the State of Louisiana. The balance of the convenience weighs heavily in favor of dismissing the later filed New York Litigation in view of the earlier filed Louisiana Litigation.

      3.   <u>There Are No Special Circumstances Which Justify Giving Priority To The Later Filed New York Litigation.</u>

All of the claims asserted in both the New York case and Louisiana case can be fully adjudicated in Louisiana. All parties in this case are named in the Louisiana Litigation. In fact, all the claims asserted by Titus International in the New York Litigation are now at issue in Louisiana Litigation. *See*, Exh. Q to Golenbock Dec. Titus International has not pled any special relationship with New York or facts that would create a special circumstance that justifies giving priority to the New York Litigation.

Hardware Resources has diligently prosecuted the Louisiana Litigation. On November 9, 2007, Hardware Resources filed its Original Complaint. *See*, Exh. F to Golenbock Dec. It

amended the complaint on December 7, 2007. *See*, Exh. H to Golenbock Dec. Pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure, on January 11, 2008, Hardware Resources sent written requests to Titus International, Lama and Titus Tool seeking their agreement to waive service in the Louisiana Litigation. *See*, Exh. J. Since neither Titus International nor Lama are located within a judicial district in the United States, Rule 4(d)(1)(F) of the Federal Rules of Civil Procedure requires Hardware Resources to wait *at least* sixty (60) days after the request is sent to serve either party. Sixty (60) days from January 11, 2008 is March 11, 2008.

Titus International, Lama and Titus Tool never responded to Hardware Resources' request for waiver of service. Rather, Titus International rushed to initiate the New York Litigation on March 4, 2008. Of course, March 4, 2008 is coincidentally before the Federal Rules allowed Hardware Resources to serve Titus International in the Louisiana Litigation.

Once the proscribed 60-day time had passed, Hardware Resources promptly took steps to formally serve defendants in the Louisiana Litigation. *See*, Exhs. M, N, O. Such "delay" was reasonable and in fact required under the Federal Rules. Therefore, Hardware Resources has acted diligently in the Louisiana Litigation.

Hardware Resources did not engage in forum shopping by initiating the Louisiana Litigation. It is not forum shopping if a party files an action in a forum that is the most convenient to him to resolve a ripe legal dispute. *Schnabel*, 322 F.Supp.2d at 513-514. Louisiana is the most convenient forum for Hardware Resources because a majority of the evidence and witnesses are located there. Moreover, Louisiana is the location with the most substantial relationship to the claims at issue in both cases. Furthermore, as evidenced by the filing of this case, the issues between the parties are indeed ripe for adjudication.

There are no special circumstances that justify litigating this case in New York as opposed to Louisiana. It should be dismissed in favor of the pending case in the Western District of Louisiana.

**B.**   **In the Alternative, this Case Should Be Transferred to the Western District of Louisiana under 28 U.S.C. §1404(a) Because It is the Most Convenient Forum.**

28 U.S.C. §1404(a) allows the Court, for the convenience of the parties and witnesses, in the interest of justice, to transfer any civil action to any other district or division where it might have been brought. *See*, *U.S. Fidelity and Guaranty Co. v. Republic Drug Co., Inc.*, 800 F.Supp. 1076, 1079 (E.D.N.Y. 1992).

    1.  <u>This Case Could Have Been Brought in the Western District of Louisiana.</u>

There can be no dispute that Titus International could have brought this case in the Western District of Louisiana. Hardware Resources resides there. The 1999 and 2004 Contracts were executed, negotiated and performed there. In fact, one of Titus International's subsidiaries, Titus Tool, has admitted doing business in Louisiana. Therefore, jurisdiction and venue are proper there.

    2.  <u>The Convenience of the Parties and Witnesses and the Interests of Justice All Favor Transfer.</u>

Factors that the court should consider in determining the convenience of the parties and witnesses and the interests of justice include:

(1) the convenience of witnesses;

(2) the location of relevant documents and relative ease of access to sources of proof;

(3) the convenience of the parties;

(4) the locus of operative facts;

(5) the availability of process to compel the attendance of unwilling witnesses;

(6) the relative means of the parties;

(7) the forum's familiarity with the governing law;

(8) the weight accorded the plaintiff's choice of forum; and

(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Anadigics, Inc. v. Raytheon Co.*, 903 F.Supp. 615, 617 (S.D.N.Y. 1995). As the following

discussion demonstrates, application of these factors clearly calls for transfer of this action to the

Western District of Louisiana.

### a. *Louisiana is a more convenient location for the witnesses.*

Louisiana is where the both the 1999 and 2004 Contracts were negotiated, executed and

performed. *See,* Lowe Dec., ¶5; *see also*, Exhs. D, E to Golenbock Dec. The majority, if not all,

of the witnesses to the breach of the contract and unfair competition claims are located in

Louisiana. Witnesses for Titus International may even be located in Louisiana. *See*, Grant Dec.,

¶6, Exh. R to Golenbock Dec. These willing witnesses would be greatly inconvenienced if

required to travel to New York. More importantly, it is believed that none of the witnesses for

either party are located in New York. Titus International's witnesses are most likely located

overseas and will be required to travel irrespective of whether the matter is tried in New York or

Louisiana. Travel to Louisiana instead of to New York is not a substantial difference in

inconvenience. This factor supports transfer to the Western District of Louisiana.

### b. *Relevant documents and access to sources of proof are located in Louisiana, not New York.*

Relevant documents and access to sources of proof are located in Louisiana and the

United Kingdom but not in New York. The 1999 and 2004 Contracts were negotiated,

performed and executed in Louisiana. Such contracts dealt with the supply and sale of hinges for

cabinets and furniture in the United States. Hardware Resources' business documents, shipping

documents, storage documents and sales documents for the hinges at issue in the breach of contract and unfair competition claims are available in Louisiana. Examples of the hinges in question and their installation and quality are located in Louisiana. Advertising records and data from sales personnel will also be available there. *See,* Lowe Dec., ¶¶ 8, 9. Since Titus Tool maintains distributors within Louisiana, it is possible that relevant documents and sources of proof for Titus International may be located in Louisiana. *See*, Grant Dec., ¶6, Exh. R to Golenbock Dec. None of this evidence is located in New York. Furthermore, there is no indication that *any* sources of proof are located in New York. Titus International is a United Kingdom company and maintains no offices, records or personnel in this state. These factors support transfer to the Western District of Louisiana.

### c. *Louisiana is a more convenient location for the parties.*

On the one hand, Hardware Resources would be greatly inconvenienced if it were forced to litigate this case in New York. None of its managers, officers or witnesses is located in New York. Therefore, these individuals would be required to travel extensively to New York to actively participate in Hardware Resources' defense in this case. Moreover, all of the documents and evidence would have to be shipped to New York.

On the other hand, Titus International would not be significantly inconvenienced if the case was transferred to the Western District of Louisiana. Titus International is not located in New York, and to Hardware Resources' knowledge, has no contacts in New York (other than its lawyers). Therefore, Titus International will be required to travel either way. While there may be more direct flights from London to New York than to New Orleans, there are hundreds of flights every day from London to New Orleans. The inconvenience to Titus International would not be significantly increased either way.

Since the Western District of Louisiana is the most convenient forum, this factor supports transfer.

> ### d. *Louisiana is the locus of the operative facts that form the basis of the New York Litigation.*

The locus of operative facts and location of the majority of relevant sources of proof is either in Louisiana or the United Kingdom, but not in New York. The contracts at issue were negotiated, executed by Hardware Resources and performed in Bossier City, Louisiana. *See,* Lowe Dec., ¶5. Since before the 1999 Contract was executed, Hardware Resources has consistently operated its business from Bossier City, Louisiana. *See, Id.* at ¶¶ 5, 7. The majority of the operative facts that form the basis of Titus International's claims in the New York Litigation are located in Louisiana. Titus Tool also does business in Louisiana and sells products in Louisiana. Thus, this factor weighs in favor of transfer.

> ### e. *The Louisiana Court can compel the attendance of unwilling witnesses.*

Many of the key witnesses are located in Louisiana. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Louisiana Court has the power to subpoena the attendance of any of these witnesses at hearings and at trial. Conversely, this Court does not have the power to compel the attendance of any unwilling witnesses in Louisiana. This factor favors transfer.

> ### f. *The relative size of the parties supports transfer to Louisiana.*

Titus International is an international company that has numerous subsidiaries. Some of the subsidiaries are located in Sweden, Germany, Singapore, Poland, Czech Republic, Slovenia (Lama) and the United States (Titus Tool). *See*, Exh. B to Golenbock Dec. Hardware Resources is not as large, only having one main office in Louisiana. *See,* Lowe Dec., ¶ 7. As a larger corporate entity, Titus International will be able to absorb the expenses necessary to litigate this

case in Louisiana more easily than if Hardware Resources was forced to litigate this case in New York. This factor favors transfer.

        g.  *The Louisiana Court is more familiar with the governing law.*

For contract cases, New York law looks to the "center of gravity" or the "grouping of contacts" for determining application of substantive law. *Beth Israel Medical Center v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 583 (2d Cir. 2006). Since the 1999 and 2004 Contracts were negotiated, signed, and executed in Louisiana, Louisiana is the center of gravity. Therefore, Louisiana substantive law should be applied.

While both this Court and the Louisiana Court are equally capable of applying and understanding Louisiana state law[1], it will take the Western District of Louisiana less time to research and understand Louisiana law since that court is familiar with Louisiana law. Therefore, this factor favors transfer.

        h.  *Titus International's choice of forum should not be given great weight.*

The plaintiff's choice of forum is accorded less weight if it is not the plaintiff's residence. *See, Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D.Va. 1992). Titus International does not reside in New York. It has no employees or offices here. In fact, Titus International has not alleged any connection to New York. Because Titus International does not reside in New York, this factor is neutral.

        i.  *Trial efficiency and the interests of justice favor transfer to Louisiana.*

Transfer of this case to the Western District of Louisiana would serve the interests of justice and trial efficiency. The Western District of Louisiana already has pending before it the

---

[1] The 1999 Contract has a choice of law provision which applies the substantive law of the United Kingdom and the 2004 Contract does not have a choice of law provision. Both courts are equally equipped to interpret and apply United Kingdom law.

Louisiana Litigation, which includes the claims asserted by Titus International in the New York Litigation. It will already be required to analyze and interpret the 1999 Contract and the 2004 Contract. By transferring this case to the Western District of Louisiana, the Louisiana Litigation and the New York Litigation could be consolidated allowing for trial efficiency and consistency in of interpretation and construction of the contracts. Avoiding inconsistent rulings and interpretations and allowing both matters to be resolved simultaneously would certainly better serve justice and efficiency. This factor favors transfer.

### III. CONCLUSION

Hardware Resources filed suit in Louisiana over four months before Titus International filed suit in New York. Hardware Resources has not been dilatory. Rather, it waited the proscribed period under the Federal Rules to allow Defendants to waive service before moving forward. All Defendants have been served in Louisiana and that case is advancing.

The subject matter of the cases is nearly identical. In fact, the counterclaims of Defendants in Louisiana were copied nearly verbatim into the Defendants' New York Complaint. The parties in the New York Litigation are named in the Louisiana Litigation. Because the parties are the same, the subject matter is the same and the Louisiana case was filed first, this case should be dismissed or transferred under the "First to File" Rule .

In the alternative, this case should be transferred to the Western District of Louisiana pursuant 28 U.S.C. §1404(a). The factors that the Court should consider in considering transfer either support transfer or are neutral. For example, all of the witnesses and evidence of Hardware Resources are in Louisiana. But none of the evidence and witnesses of either party is located in New York. Louisiana is a proper venue since Hardware Resources resides there and since Titus Tool sells products and has customers there. Since the law of Louisiana will apply, it

makes sense to have the Louisiana Court interpret it. Furthermore, since Titus International has

no offices in New York and is located in the United Kingdom, it will need to travel regardless of

where trial is held. It makes no sense to force Hardware Resources to travel when there will be

no savings to Titus International. This case should be transferred.

Dated:   New York, New York                   Respectfully submitted,
          June 3, 2006                          GOLENBOCK EISEMAN ASSOR BELL
                                         & PESKOE LLP

                                     By:  /s/ Jeffrey T. Golenbock

                                         Jeffrey T. Golenbock (JG 2217)

                                   437 Madison Avenue
                                   New York, NY 10022
                                   (212) 907-7300
                                   Attorney for Defendant Hardware Resources

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss was served upon the persons listed below in the manner indicated on June 3, 2008:

Michael Aschen                                    *Via First Class Mail, Postage Prepaid*
Abelman Frayne & Schwab                   and by E-Mail
666 Third Avenue
New York, New York 10017

_____
Jeffrey T. Golenbock

426867.2