**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TITUS INTERNATIONAL PLC,

                    *Plaintiff,*

          -against-

HARDWARE RESOURCES, A
DIVISION OF PROGRESSIVE
STAMPING & PLATING, INC.,

                    *Defendant.*

08 Civ. 2158 (WHP)

June 17, 2008

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

**ABELMAN FRAYNE & SCHWAB**
666 Third Avenue
New York, NY 10017
(212) 949-9022

**Attorneys for the Plaintiff**

# TABLE OF CONTENTS

**PAGE**

I.   Preliminary Statement ........................... 1

II.  SUMMARY OF THE FACTS
     RELEVANT TO DEFENDANT'S MOTION ................. 4

     A.   The Shreveport Action ..................... 4

     B.   Hardware Resources' Failure
          to Prosecute The Shreveport Action ........ 5

     C.   This Action Should Take
          Precedence Over The Shreveport Action ..... 6

III. ARGUMENT ....................................... 9

     A.   The New York Action Should Take
          Precedence Over The Shreveport Action ..... 9

IV.  Conclusion ..................................... 10

## TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Affinity Memory & Micro., Inc. v.*
*K & Q Enterprises, Inc.,*
20 F. Supp. 2d 948, 953 (E.D. Va. 1998) .............. 5

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
946 F.2d 622, 628 (9th Cir. 1991) ................... 9

*Boatmen's First Nat. Bank of Kansas*
*City v. KPERS*, 57 F.3d 638,
641 (8th Cir. 1995) ................................. 9

*Mission Ins. Co. v. Puritan Fashions Corp.,*
706 F.2d 599,602 n.3 (5th Cir. 1983) ................ 10

*800-Flowers, Inc. v. Intercontinental*
*Florist, Inc.,* 860 F. Supp.
128, 132 (S.D.N.Y. 1994) ............................ 9

## I.    <u>Preliminary Statement</u>

The plaintiff Titus International PLC ("Titus International"), submits this memorandum in opposition to the motion [Docket Entries 12-16] of the defendant Hardware Resources, a Division of Progressive Stamping & Plating, Inc. ("Hardware Resources"), to dismiss this action in favor of a case filed by it in the Federal District Court in Shreveport, Louisiana (the "Shreveport Action").

As it has not challenged the Court's jurisdiction over it, the only basis urged by Hardware Resources in support of its application to dismiss is the "First to File Rule".  Application of the rule is however, discretionary, and it is respectfully submitted that for any one of a number of reasons, it should not be applied in this case.

Significantly, Hardware Resources has not diligently prosecuted the Shreveport action.  Although it filed its complaint in Shreveport over seven months ago, it only recently served the defendants in that action, and that was after it had been served in this case.

Indeed, Hardware Resources' filing of the Shreveport Action was a transparent example of "forum shopping".  Hardware Resources preemptively filed the Shreveport Action, with no intent of actively prosecuting its claims, in an effort to secure a place holder in a jurisdiction where it perceived it would have the "home court advantage" with regard to both jury perception as well as the short Louisiana statute of limitations applicable to

- 1 -

the trademark infringement claims it likely anticipated would be asserted against it as counterclaims.  Had Hardware Resources intended to prosecute the Shreveport Action and move toward obtaining the relief it requested in its complaint, it would not have allowed the 120 day period to serve the Summons and Complaint expire.

Indeed, it is unlikely that the Shreveport Action will even proceed against two of the named defendants, *i.e.*, the plaintiff herein, Titus International, and its U.S. subsidiary, Titus Tool Company, Inc. ("Titus US"), as both have moved to dismiss the case for lack of personal jurisdiction.  Neither has continuous and systematic contacts with Louisiana sufficient to support general jurisdiction, and since Hardware Resources' claims against them do not arise out of or relate to their purposeful activities in Louisiana, there is no special or "long-arm" jurisdiction.

Hardware Resources' motion to continue Titus International's and Titus US's motion to dismiss to allow Hardware Resources an opportunity to take discovery to identify evidence to support its jurisdictional allegations – which it clearly did not have when it filed its complaint – was granted on June 13th.  As the motion to dismiss will now not be fully submitted until August 27th, it is unlikely that it will be resolved or any substantive progress in the Shreveport Action will occur until the fall.

- 2 -

Indeed, the only defendant over which the Shreveport Court has jurisdiction is the signatory to the contract at issue, LAMA, d.d. ("Lama"), and any judgement against Lama obtained there, however unlikely, may have questionable value since Lama has limited assets in the U.S.  Indeed, it would appear to be in Hardware Resources' best interest to prosecute its claims against Lama and Titus International in New York since Lama has offered to consent to jurisdiction here if Hardware Resources dismisses the Shreveport Action.

Nor, since relevant documents and witnesses are not located primarily in or around Shreveport, do the balance of conveniences favor proceeding with the Shreveport Action in lieu of this case.  Hardware Resources has alleged in the Shreveport Action that Lama breached a 2004 "U.S. Marketing Agreement", and Lama has counter-claimed for breach of the same agreement. Witness with knowledge of the parties' alleged breach of that agreement are likely to be found around the country, as well as around the world.

Hardware Resources has further alleged that Titus International and Titus US induced Lama's purported breach. Witnesses with knowledge of their alleged interference with Lama's performance of its obligations under the agreement are unlikely to be found in Louisiana since Titus International, Titus U.S. and Lama do not interact with each other there.

Moreover, it is likely that the bulk of the documents relevant to the parties' allegations are at the offices of Titus

- 3 -

International (Uxbridge, U.K.), Titus US (Kent, Washington), and Lama (Dekani, Slovenia) – not at Hardware Resources' office in Bossier City, Louisiana.  Indeed, the geographic center of the four parties' offices is closer to New York City than it is to Shreveport.  *See* http://www.geomidpoint.com.

For these and the reasons more fully developed *infra*, Titus International respectfully asks that Hardware Resources' motion to dismiss or transfer this case be denied.

## II.  SUMMARY OF THE FACTS RELEVANT TO DEFENDANT'S MOTION

### A.    The Shreveport Action

On November 9, 2007, Hardware Resources filed its complaint in Shreveport naming LAMA and Titus International as defendants.  Titus International is a U.K. designer, manufacturer, and distributor of fasteners and accessories for the consumer self-assembly furniture industry.  LAMA, a Slovenian corporation, is a subsidiary of Titus International and a distributor of a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates.

Hardware Resources' complaint in the Shreveport Action alleges that LAMA breached a 2004 U.S. Marketing Agreement with it, and that Titus International and Titus US engaged in unfair trade practices by allegedly causing LAMA to do so.

Significantly, Hardware Resources' characterization of the 2004 U.S. Marketing Agreement as "to be performed in Bossier City, Louisiana...", is incorrect.  *See* page 3 of Hardware Resources' memorandum in support.  The 2004 U.S. Marketing

Agreement, as evidenced by its title and its content, was an agreement that contemplated joint marketing and distribution activities throughout the United States, not Bossier City, Louisiana.  See Exhibit E to the Declaration of Jeffrey Golenbock.

Moreover, Hardware Resources' claim that "[n]either party has terminated the 2004 Contract..." is mistaken as well. *See* page 3 of Hardware Resources' memorandum in support.  On April 26, 2006, the parties representatives met and agreed that the agreement was no longer applicable.  *See* April 26, 2006 letter from the president of Titus US to the president of Hardware Resources attached as Exhibit 1 to the Declaration of Michael Aschen.

On December 7, 2007, Hardware Resources filed an amended complaint in the Shreveport Action adding Titus US, a Washington corporation, as a named defendant.

B.    **Hardware Resources' Failure**
      **to Prosecute The Shreveport Action**

Hardware Resources made no effort to immediately serve any of the defendants in the Shreveport Action.  Indeed, it waited over two months from the original filing, until January 11th, to even request that LAMA and Titus International waive service.  Although neither consented, Hardware Resources did nothing further until after it was served in this case on March 5th, to finally on March 14th serve Titus US.[1]

---

[1]    *See Affinity Memory & Micro., Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 953 (E.D. Va.

Moreover, since Hardware Resources let the 120 period to serve LAMA and Titus International expire, it had to file an *ex parte* application in Shreveport to extend its time to serve. Three days later, without the defendants having had an opportunity to oppose, on March 28th the motion was granted. Thereafter, Titus International and Lama were served.

C.    **This Action Should Take Precedence Over The Shreveport Action**

It appears that Hardware Resources did not intend on actively prosecuting the Shreveport action, but simply filed it to secure jurisdiction in a local forum – and perhaps to take advantage of the one year Louisiana statute of limitations for trademark infringement, thereby avoiding the 6 year period applicable in New York.[2] If for no other reason, it would be inequitable to dismiss the action in New York and thereby prevent full compensation for Hardware Resources' infringement of Lama's trademarks for the full period permitted under the Statute of Limitation applicable in New York.

Moreover, this forum is preferable to Shreveport because the Shreveport court does not have general personal jurisdiction over Titus International or Titus.  Neither has

_____

1998)(favoring second filed case in which service was achieved sooner).

[2]    Although not pled in Titus International's complaint in this action, it is expected that evidence of Hardware Resources' infringement and possible counterfeiting of LAMA's registered trademark will be developed during discovery.  If it is, Titus International will seek to amend the complaint to assert trademark infringement and other related causes of action.

offices, solicits business, has bank accounts, real property, employees, or agents there. Nor is there is specific jurisdiction over either as they are not a party to the agreement at issue, and Hardware Resources's causes of action alleged against them do not arise from business conducted by either in Louisiana. *See* Titus International's Memorandum In Support of its Motion To Dismiss, attached as Exhibit 2 to the Aschen Declaration.

In contrast, this Court has jurisdiction over Titus International, and Lama would consent to jurisdiction here if Hardware Resources agrees to dismiss the Shreveport Action and proceed in New York. Unlike the Shreveport Court, this Court can fully adjudicate the merits of the all the parties' claims and order full compensation for any wrongs found to have been committed.

Nor does the relative convenience of the parties lean in favor of adjudicating the dispute in Shreveport. All the parties are actively involved in trade throughout the United States, and indeed the world. Travel, a routine activity for all the participants and likely witnesses, will be necessary in connection with this dispute, whether it be from Slovenia to Shreveport, or from the U.K. to New York City. There is no perceivable benefit in maintaining this action in Shreveport for anyone other than perhaps Hardware Resources' principal, Jeffrey Lowe.

- 7 -

Nor is the locus of the parties' claims Shreveport. The parties' conduct that purportedly constituted a breach of the 2004 U.S. Marketing Agreement did not occur in Shreveport. Both parties allege that in dealing with and supplying actual and potential customers throughout the United States, each violated their obligations under the agreement.

Other than breach of contract, Hardware Resources's only other claim in the Shreveport Action is against Titus International and Titus US for allegedly inducing that breach.[3] That claim does not arise from Titus International's and Titus US's transaction of business in Louisiana. Indeed, Hardware Resources does not specify where the alleged inducement of Lama's breach of the 2005 U.S. Marketing Agreement might have occurred, but since none of the named defendants is located in Louisiana, surely the purported inducement did not occur there.

Further, the bulk of the relevant documents and witnesses are not located in Louisiana. Certainly none of the documents or witnesses related to Hardware Resources unfair competition claim against Titus International and Titus US are in Louisiana.

---

[3] Hardware Resources alleged in the Shreveport Action that "Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware." See page 3, ¶ 14 of Hardware Resources' Amended Complaint attached as Exhibit 3 to the Aschen Declaration.

With regard to the parties' competing claims that each failed to meet their respective obligations under the 2004 U.S. Marketing Agreement to market and sell products throughout the country, the purportedly breaching conduct – and thus witnesses (excerpt perhaps Hardware Resources president) and documents – are likely to be widely disbursed throughout the country – not in Shreveport.

## III. ARGUMENT

### A. The New York Action Should Take Precedence Over The Shreveport Action

Although as a technical matter the Shreveport Action was filed before this case, there is no absolute rule that the "first-filed" action has priority. *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994)(it is "well-established that district courts need not slavishly adhere to the first filed rule")*; Boatmen's First Nat. Bank of Kansas City v. KPERS*, 57 F.3d 638, 641 (8th Cir. 1995)("the first-filed rule is not intended to be rigid, mechanical or inflexible, but is to be applied in the interests of justice"); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("the circumstances under which an exception to the first-to-file rule typically will be made include bad faith ... anticipatory suit, and forum shopping").

Indeed, in circumstances such as this, where Hardware Resources delayed in serving its complaint and has not demonstrated any serious intention to prosecute and obtain redress for its claims, but rather apparently filed the

Shreveport Action to secure what it perceived to be a favorable forum should the parties not be able to resolve a long standing dispute, the second filed action is often given priority. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599,602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because they are an aspect of forum shopping,")

The dispute between the parties first surfaced in early in 2006 and as the possibility of litigation became more likely, Hardware Resources filed this action. That it did so merely to select what it perceived to be a favorable forum is apparent from it having waited to serve the compliant until months later, and then only after it was served with the complaint from the New York Action.

Clearly, Hardware Resources was more interested in securing what was perceived to be a favorable forum than it was in obtaining the relief requested in the complaint it filed in Shreveport. Indeed, it is likely that Hardware Resources understood that the one year Statute of Limitations for Lanham Act claims in Louisiana was more favorable to it than was the six year Statue in New York. Like here, the Court in *Mission Ins. Co.* found "indications that forum-shopping was an element in this case" because the law in the two courts differed, making one forum more favorable to one party than the other. *Id.*

**IV.  CONCLUSION**

To facilitate the most expeditious resolution of the parties' disputes, in a forum with jurisdiction over all

necessary parties and with the ability to most equitably and fully compensate the parties for any violations of their respective rights, Titus International respectfully opposes the dismissal or transfer of this case.

Dated: June 17, 2008
       New York, NY

                              **ABELMAN FRAYNE & SCHWAB**


                              _____/s/_____
                              Lawrence E. Abelman (LA 6486)
                              Michael Aschen (MA 6336)
                              666 Third Avenue
                              New York, NY 10017
                              (212) 949-9022

                              Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the Foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss was this 17th day of June, 2008, filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____

- 12 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TITUS INTERNATIONAL PLC,

               *Plaintiff,*

    -against-

HARDWARE RESOURCES, A
DIVISION OF PROGRESSIVE
STAMPING & PLATING, INC.,

               *Defendant.*

08 Civ. 2158 (WHP)

June 17, 2008

### DECLARATION OF MICHAEL ASCHEN IN
### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

    I, Michael Aschen, declare and say:

    1.    I am a partner at the firm Abelman, Frayne & Schwab, counsel for the plaintiff Titus International PLC ("Titus International").

    2.    This declaration is submitted in opposition to the motion [Docket Entries 12-16] of the defendant Hardware Resources, a Division of Progressive Stamping & Plating, Inc. ("Hardware Resources"), to dismiss this action in favor of a case filed by it in the Federal District Court in Shreveport, Louisiana (the "Shreveport Action").

    3.    The purpose of this declaration is to provide the Court with copies of the exhibits referred to in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss.

    4.    Attached hereto as Exhibit 1 is an April 26, 2006 letter from the president of Titus US to the president of Hardware Resources.

5.    Attached   hereto   as   Exhibit   2   is   Titus International's Memorandum In Support of its Motion To Dismiss.

6.    Attached hereto as Exhibit 3 is Hardware Resources' Amended Complaint filed in the Shreveport Action.

7.    For   the   reasons   stated   herein   and   in   Titus International's other submissions, it is respectfully requested that the Court deny Hardware Resources's application to dismiss.

8.    I  declare  under  penalty  of  perjury  that  the foregoing is true and correct.

Dated: New York, New York
       June 17, 2008

                              _____/s/_____
                                     Michael Aschen

- 2 -

**CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing Declaration of Michael Aschen in Opposition to Defendant's Motion to Dismiss was this 17th day of June, 2008, filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.    Parties may access this filing through the Court's CM/ECF System.



               /s/
              Michael Aschen

Exhibit 1



**Titus**

22020 72nd Avenue South
Kent WA 98032, USA
Tel:       +1 253 872 2829
Fax:       +1 253 872 2827
Toll Free:   800 762 1616
Web Site: www.titusint.com
Fittings for furniture assembly

Jeff Lowe
President / CEO
Hardware Resources
4319 Marlena St.
Bossier City LA 71111

26 April 2006

Dear Jeff

I appreciate the time you, Mark and Sanjay took to meet with Brad and me yesterday.  As
I mentioned, perhaps our meeting was overdue.

Here's a short recap of the major issues we discussed:

- Marketing Agreement dated 22 May 2004 – we agreed that this agreement is no
  longer applicable in many areas and that Hardware Resources would continue to
  distribute LAMA products on a non-exclusive basis in the US.
- Zinc and price levels – you expressed a preference for a 'fixed price list' rather than
  variable surcharges.  In that regard, Brad will work with Mark to put together a list
  that will be reviewed after 90 days, given the current volatility of zinc pricing
- As a result of the Titus Lama merger we anticipate a more efficient working
  relationship between our companies, aided in no small way by the ability of Brad,
  located in Dallas, to be more responsive to inquiries and requests.  As an example,
  Brad will be working with Mark to introduce the new Lama Glissando door damping
  offering to your product line.
- You expressed an interest in the Titus line of connectors.  As you can imagine, this
  could represent a substantial change in our distribution policy in the US, and
  therefore I will have to confer with my Board before I am in a position to respond
  adequately to your inquiry.

Once again, Jeff, it was a pleasure to meet you.  We at Titus.Lama look forward to a
continuing, growing and mutually profitable relationship.

Sincerely

Walter J Zabriskie
President



Titus Tool Company Inc

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HARDWARE RESOURCES,
DIVISION OF PROGRESSIVE
STAMPING & PLATING, INC.,

        *Plaintiff,*

    -against-

LAMA, d.d.,
TITUS INTERNATIONAL PLC, and
TITUS TOOL COMPANY, INC.,

      *Defendants.*

CIVIL ACTION NO. 5:07-CV-1875

JUDGE S. MAURICE HICKS

MAGISTRATE JUDGE
MARK L. HORNSBY

MEMORANDUM IN SUPPORT OF DEFENDANTS TITUS
INTERNATIONAL PLC'S AND TITUS TOOL COMPANY,
INC.'S MOTION TO DISMISS IN LIEU OF THEIR ANSWER

MCNEW, KING, MILLS,
 BURCH & LANDRY LLP
A. Carter Mills IV
(La. Bar No. 20963)
1904 Royal Avenue
Monroe, Louisiana  71201
318-361-3156

ABELMAN FRAYNE & SCHWAB
Michael Aschen
666 Third Avenue
New York, NY 10017
(212) 949-9022

Attorneys for the Defendants

**TABLE OF CONTENTS**

                                                                          **PAGE**

I.   Preliminary Statement ............................... 1

II.  Summary of the Facts
     Relevant to the Motion ............................. 2

     A.   The Background of
          The Dispute ................................... 2

     B.   Hardware Resources' Failure
          To Prosecute This Action ...................... 4

     C.   The New York Action ........................... 4

     D.   The New York Action Should
          Take Precedence Over This Action .............. 5

III. Legal Basis for the Motion ......................... 6

     A.   There Is No Jurisdiction
          Over Titus PLC or Titus US .................... 6

          1.   There Is No Basis
               for General Jurisdiction ................. 7

          2.   There Is No Basis
               for Specific Jurisdiction ................ 8

     B.   The New York Action Should
          Take Precedence Over This Action .............. 10

IV.  Conclusion ......................................... 12

## TABLE OF AUTHORITIES

**PAGE**

<u>CASES</u>

*Allred v. Moore & Peterson*,
117 F.3d 278, 286 (5th Cir. 1997) ................... 9

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622, 628 (9th Cir. 1991) ................... 10

*Alpine View Co. v. Atlas Copco AB*,
205 F.3d 208, 215 (5th Cir. 2000) ................... 6, 7

*Asahi Metal Indus. Co. v. Superior Court*,
480 U.S. 102, 107 S.Ct. 1026,
94 L.Ed.2d 92. 113 (1987)) ......................... 6

*Boatmen's First Nat. Bank of Kansas City v. KPERS*,
57 F.3d 638, 641 (8th Cir. 1995) .................... 10

*Brown v. Slenker*,
220 F.3d 411, 419 (5th Cir. 2000) ................... 6

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 472, 105 S.Ct. 2174,
85 L.Ed.2d 528 (1985)) .............................. 6

*Cent. Freight Lines, Inc. v. APA Transp. Corp.*,
322 F.3d 376, 381 (5th Cir. 2003) ................... 8

*Gundle Lining Constr. Corp. v.*
*Adams County Asphalt, Inc.*,
85 F.3d 201, 204 (5th Cir. 1996) .................... 6

*Helicopteros Nacionales de Colombia,*
*S.A. v. Hall,* 466 U.S. 408, 415-16,
104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ............... 7

*Mission Ins. Co. v. Puritan Fashions Corp.*,
706 F.2d 599,602 n.3 (5th Cir. 1983) ................ 11

*Panda Brandywine Corp. v.*
*Potomac Elec. Power Co.*,
253 F.3d 865, 867 (5th Cir. 2001) ................... 7, 8

*Submersible Sys., Inc. v. Perforadora Cent.*,
*S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir. 2001) ...... 7

*Wien Air Alaska, Inc. v. Brandt*,
195 F.3d 208, 212 (5th Cir. 1999) ................... 9

*Wilson v. Belin,*
20 F.3d 644, 650-51 (5th Cir. 1994) .................. 7

## Rules, Statutes and Treatises

28 U.S.C. § 1404 .................................... 1

Federal Rule of Civil Procedure 12(b) ............... 1

16 James Wm. Moore et al.,
Moore's Federal Practice
¶ 108.41[3] (3d ed. 1999)) .......................... 7

## I.    PRELIMINARY STATEMENT

The defendants Titus International PLC (Titus PLC), and Titus Tool Company, Inc. (Titus US), respectfully move pursuant to Federal Rule of Civil Procedure 12(b), for an Order dismissing the complaint as against them[1] because, as more clearly appears in the declaration of Titus PLC's Chief Financial Officer, Iain Grant, filed herewith (the "Grant Dec."), they are not subject to personal jurisdiction in Louisiana because neither has continuous and systematic contacts with the state sufficient to warrant the exercise of general jurisdiction.

Moreover, the claims of the plaintiff, Hardware Resources, a Division of Progressive Stamping & Plating, Inc. ("Hardware Resources"), do not arise out of or relate to purposeful activities directed at Louisiana by either Titus PLC and Titus US. There is therefore, no "long-arm" or special jurisdiction over either defendant.

Alternatively, if their motion to dismiss is denied, Titus PLC and Titus US ask for an Order, pursuant to 28 U.S.C. § 1404, transferring this action to the Federal District Court for the Southern District of New York where an action filed by Titus PLC against Hardware Resources concerning the same contract at issue in this case is pending (the "New York Action").

The New York Action, although filed later than this action, should take precedence over this action because Hardware

---

[1]    On or about April 4, 2008, the defendant Lama, d.d., a Slovenia business, received a copy of Hardware Resources' corporate disclosure statement, and the Stipulation extending Titus US time to answer, and the proposed order, by mail. It apparently has not received a copy of the summons and complaint. Lama therefore, is not obligated to file an Answer at this time.

- 1 -

Resources has already filed its answer in New York, whereas issue has not yet been joined in this action. Indeed, an initial Pre-Trial Conference has already been scheduled in the New York Action for June 20th.

Moreover, the New York Action should take precedence because Hardware Resources has not diligently prosecuted this case. Although it filed its complaint in this action over five months ago, Hardware Resources only recently served two of the three named defendants, Titus PLC and Titus US, and it did so only after it had first been served in the New York Action. The other named defendant herein, LAMA, d.d. ("Lama"), has not yet been properly served.

For these, and the reasons that follow, it is respectfully requested that the Court dismiss the complaint as against Titus PLC and Titus US, or alternatively transfer this action to the Federal District Court for the Southern District of New York.

## II. SUMMARY OF THE FACTS RELEVANT TO THE MOTION

### A. The Background of The Dispute

Titus PLC is a U.K. designer, manufacturer, and distributor of fasteners and accessories for the consumer self-assembly furniture industry. It distributes its products in the United States through its subsidiary, Titus US, whose offices are located in Kent, Washington. *See* ¶ 4 of the Grant Dec.

Titus PLC has no offices, does not solicit business, and has no bank accounts, real property, employees, or agents in

- 2 -

Louisiana.   In fact, it has no contact with Louisiana whatsoever. *See* ¶ 5 of the Grant Dec.

Titus US has no offices, bank accounts, real property, or employees in Louisiana.   Indeed, Titus US's sole contact with Louisiana has been occasional business calls and shipments of products to distributors in Louisiana.  *See* ¶ 6 of the Grant Dec.

Some of the products that Titus US distributes in the United States are manufactured by Lama, a Slovenian business acquired by Titus PLC in 2006.  Lama manufactures a wide range of specialized concealed metal hinges, hinge joints, and hinge mounting plates.  *See* ¶ 7 of the Grant Dec.

In May of 2004, prior to it being acquired by Titus PLC, Lama entered into a Marketing Agreement with Hardware Resources, pursuant to which Hardware Resources was to distribute Lama's products in the United States, promote the Lama brand, and develop the market.  *See* ¶ 8 of the Grant Dec.

By April of 2006 however, it became apparent that Hardware Resources was not complying with its obligations under the 2004 Marketing Agreement.  Most seriously, Hardware Resources had been substituting, in the place of genuine Lama products ordered by customers, inferior copies of Lama's products manufactured in Asia. *See* ¶ 9 of the Grant Dec.

As soon as Hardware Resources' breach of the Marketing Agreement was discovered, the relationship between the parties began to deteriorate.  By March 9, 2007, Hardware Resources had threatened legal action against Titus PLC.  *See* ¶ 10 of the Grant Dec.

- 3 -

**B.  Hardware Resources' Failure
     To Prosecute This Action**

On November 9, 2007, Hardware Resources filed this action naming LAMA and Titus PLC as defendants, and alleging that LAMA breached the 2004 Marketing Agreement and that Titus PLC and Titus US engaged in unfair trade practices by allegedly causing LAMA to do so.  On December 7, 2007, Hardware Resources filed an amended complaint adding Titus US as a named defendant.

Hardware Resources however, made no effort to immediately serve any of the defendants.  Indeed, it waited over two months, until January 11th, to even send a request asking LAMA and Titus PLC to agree to waive service.  Although neither consented to waive service, Hardware Resources did nothing further until after it was served with the complaint in the New York Action on March 5th, before finally serving Titus US on March 14th.

Moreover, since Hardware Resources let the 120 day period to serve LAMA and Titus PLC expire, it was forced to file with this Court an *ex parte* application to extend its time to serve the complaint.  Three days later, without the defendants having had an opportunity to oppose, on March 28th, the motion was granted. Subsequently, copies of the summons and complaint were mailed to Titus PLC's U.K. offices.

**C.  The New York Action**

On March 4, 2008, Titus PLC filed a complaint against Hardware Resources in the Federal District Court for the Southern District of New York alleging that it has breached the same Marketing Agreement at issue in this case.  The complaint was served on Hardware Resources the following day.

- 4 -

On March 24, 2008, Hardware Resources sought, and Titus PLC's consented to a two week extension of Hardware Resources' time to answer in the New York Action.

Hardware Resources subsequently filed its Answer on April 8, 2007, and on the same day, wrote to Judge William H. Pauley requesting a conference to seek permission to move to dismiss or transfer the New York Action. On April 13th, counsel for Titus PLC wrote to Judge Pauley indicating that any such motion would be opposed and that Titus PLC intended to file the instant motion to dismiss or transfer this action to the Southern District of New York.

Judge Pauley has not yet responded to these letters.

**D.   The New York Action Should Take Precedence Over This Action**

It appears that Hardware Resources did not intend on actively prosecuting this action, but simply filed it to secure jurisdiction in a local forum – and perhaps to take advantage of the one year statute of limitations for trademark infringement in Louisiana, thereby avoiding the 6 year period applicable in New York.[2/]

New York is the more appropriate jurisdiction for the resolution of this dispute. Whereas this Court does not have jurisdiction over Titus PLC or Titus US, and Lama has not yet been

---

[2/]    Although not pled in Titus PLC's complaint in the New York Action, it is expected that evidence of Hardware Resources' infringement and possible counterfeiting of LAMA's registered trademark will be developed during discovery. If it is, Titus PLC will seek to amend the complaint to assert trademark infringement and other related causes of action.

- 5 -

served, the New York Court has jurisdiction over Titus PLC and can fully adjudicate the merits of the parties' claims.

## III. LEGAL BASIS FOR THE MOTION

### A.    There Is No Jurisdiction Over Titus PLC or Titus US

There is no basis for personal jurisdiction in Louisiana over the defendants Titus PLC or Titus US.  Indeed, the Complaint does not allege any facts which would even suggest that personal jurisdiction exists.

Hardware Resources has not, although it is obligated to do so, proven by a preponderance of the evidence that jurisdiction is proper.  *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000).

Indeed, neither defendant has sufficient minimum contacts with Louisiana to cause either to reasonably anticipate being pulled into court here.  *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996).

Moreover, the exercise of jurisdiction over them would offend "traditional notions of fair play and substantial justice." *Id.* (*quoting Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92. 113 (1987)).

Specific jurisdiction arises if a defendant "has purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that' arise out of or relate to 'those activities.'" *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

"General jurisdiction, on the other hand, will attach where the nonresident defendant's contacts with the forum state,

- 6 -

although not related to the plaintiff's cause of action, are 'continuous and systematic.'" *Alpine View,* 205 F.3d at 215 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

Stated simply, there is neither general jurisdiction nor specific jurisdiction over Titus PLC or Titus US since they do not have the necessary minimum contacts with the state. *Alpine View Co.,* 205 F.3d at 215.

### 1. There Is No Basis for General Jurisdiction

Titus PLC and Titus US are amenable to general jurisdiction in Louisiana only if they have engaged in such a "continuous and systematic" course of "doing business" in the state to warrant a finding that they are "present" there.

Personal jurisdiction over a nonresident complies with due process only if "(1) th[e] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 867 (5th Cir. 2001) (internal quotation marks omitted).

Moreover, the "... continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir. 2001)(*citing* 16 James Wm. Moore et al., Moore's Federal Practice ¶ 108.41[3] (3d ed. 1999)); *see also Wilson v. Belin,* 20 F.3d 644, 650-51 (5th Cir. 1994)(even if possibly continuous, defendant's

contacts were not substantial enough for general personal jurisdiction).

Titus PLC and Titus US do not have offices in Louisiana, do not have bank accounts or other real property in Louisiana, and do not have any employees in Louisiana. Indeed, the only contact that either has with Louisiana is Titus US's shipments and occasional business trips to its two distributors in Louisiana, and these are not sufficient to find that it has had continuous and systematic contacts with the state. *See Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003)(no general jurisdiction in Texas even though defendant routinely arranges and receives interline shipments to and from Texas and apparently sends sales people to the state on a regular basis to develop business, negotiate contracts, and service national accounts)

Titus PLC and Titus US therefore, have an insufficient "presence" in Louisiana to warrant the exercise of general jurisdiction.

### 2.    There Is No Basis for Specific Jurisdiction

To exercise specific or "long arm" jurisdiction over Titus PLC and Titus US, Hardware Resources must establish that they have "... purposefully directed [their] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (internal quotation marks omitted).

Moreover, "[f]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific

- 8 -

acts toward the forum." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999).

Further, "the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997).

Hardware Resources has not alleged, and cannot allege, that Titus PLC or Titus US meet any of the requirement for the exercise of "long arm" jurisdiction.  Indeed, the only nexus between Titis PLC and Louisiana that Hardware Resources has pled in its complaint is that they "... have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court ....." *See* page 2, ¶ 1 of Hardware Resources' Amended Complaint [Document 2].  This general, nonspecific, unsupported, conclusory allegation is insufficient to support jurisdiction.

The only actionable conduct by Titus PLC or Titus US alleged by Hardware Resources is that:

> Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware.  Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

*See* page 3, ¶ 14 of Hardware Resources' Amended Complaint [Document 2].

Here, the single cause of action plead by Hardware Resources against Titus PLC and Titus US, namely unfair trade practices, does not arise from their transaction of business in Louisiana.  Indeed, Hardware Resources does not specify where the alleged inducement of Lama's breach of the Marketing Agreement

- 9 -

might have occurred, but since none of the named defendants is located in Louisiana, surely the purported inducement did not occur in Louisiana.

Louisiana's Long Arm Statute is therefore inapplicable and does not support the exercise of jurisdiction over Titus PLC or Titus US.

**B.    The New York Action Should Take Precedence Over This Action**

If the Court denies Titus PLC's and Titus US's application to dismiss for lack of personal jurisdiction, it is respectfully requested that this action be transferred to the Southern District of New York.

Although as a technical matter this action was filed before the New York Action, there is no absolute rule that the "first-filed" action has priority. *See Boatmen's First Nat. Bank of Kansas City v. KPERS*, 57 F.3d 638, 641 (8th Cir. 1995)("the first-filed rule is not intended to be rigid, mechanical or inflexible, but is to be applied in the interests of justice"); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("the circumstances under which an exception to the first-to-file rule typically will be made include bad faith ... anticipatory suit, and forum shopping").

Indeed, in circumstances such as this, where the plaintiff delayed in serving the defendants and has not demonstrated any serious intention to prosecute and obtain redress for its claims, but rather apparently filed the action to secure what it perceived to be a favorable forum should the parties not be able to resolve a long standing dispute, the first filed action is

- 10 -

often not given priority. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599,602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because they are an aspect of forum shopping,")

        The dispute between the parties first surfaced in early 2006 and as the possibility of litigation became more likely, Hardware Resources filed this action.    That it did so merely to select what it perceived to be a favorable forum is apparent from it having waited to serve the compliant until months later, and then only after it was served with the complaint from the New York Action.

        Clearly, Hardware Resources was more interested in securing what was perceived to be a favorable forum than it was in obtaining the relief requested in its complaint.    Indeed, it is likely that Hardware Resources understood that the one year Statute of Limitations for Lanham Act claims in Louisiana was more favorable to it than was the six year Statue in New York.

        Like here, the Court in *Mission Ins. Co.* found "indications that forum-shopping was an element in this case" because the law in the two courts differed, making one forum more favorable to one party than the other.    *Id.*

        In the circumstances, it is respectfully submitted that if the complaint is not dismissed, this action should be transferred to the Southern District of New York where the Court has jurisdiction over Titus PLC and can fully adjudicate the merits of the parties' claims.

- 11 -

**IV.   CONCLUSION**

      For the foregoing reasons, the defendants Titus PLC and Titus US respectfully move for an Order dismissing the complaint as against them, or alternatively transferring this action to the Federal District Court for the Southern District of New York.

Dated: April 17, 2008        **McNew, King, Mills,**
      Monroe, LA           **Burch & Landry LLP**

                                     /s/ A. Carter Mills IV
                               A. Carter Mills IV
                               (La. Bar No. 20963)
                               1904 Royal Avenue
                               Monroe, Louisiana   71201
                               318-361-3156

Dated: April 17, 2008        **ABELMAN FRAYNE & SCHWAB**
      New York, NY          Michael Aschen
                               666 Third Avenue
                               New York, NY 10017
                               (212) 949-9022

                               Counsel for Defendants

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing Memorandum in Support of Defendants Titus International PLC's and Titus Tool Company, Inc.'s Motion to Dismiss in Lieu of Their Answer was this 17th day of April, 2008, filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_/s/ A. Carter Mills IV_

- 13 -

Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.** | ) | **Civil Action No. 5:07cv1875** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE S. MAURICE HICKS** |
| **vs.** | ) | |
| | ) | |
| **LAMA, d. d. and TITUS INTERNATIONAL** | ) | **MAGISTRATE JUDGE** |
| | ) | **MARK L. HORNSBY** |
| **PLC** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY DEMANDED** |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

The first amended and supplemental complaint of Hardware Resources Division of Progressive Stamping & Plating, Inc. a Louisiana Corporation ("Hardware"), by and through its attorneys respectfully represents:

### THE PARTIES

1. Hardware is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

2. Lama, d. d. ("Lama") is a Slovenian corporation with its primary place of business in Dekani, Slovenia.

3. Titus International ("Titus") is a United Kingdom corporation and is the sole owner and shareholder of Lama, d. d.

4. Titus Tool Company, Inc. ("Titus Tool") is an Arizona Corporation with its principal place of business in Kent, Washington and is a wholly owned subsidiary of Titus.

**JURISDICTION AND VENUE**

1.      Lama, Titus and Titus Tool conduct business throughout the United States of America and the State of Louisiana and have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court.

2.      The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.      This court has jurisdiction over this action between citizens of different states under 28 U.S.C.A. Sec. 1332.

4.      Venue is proper in this district and division under 28 U.S.C.A. Sec. 1391(a).

**COUNT I - BREACH OF CONTRACT**

5.      Hardware is engaged in the business of manufacturing and selling of functional and decorative furniture hardware.

6.      Lama is a manufacturer of functional furniture hardware components consisting of premium hinges and plates.  In 2006, Titus became the owner of one hundred percent of the stock of Lama.  Prior to its purchase of Lama, Titus was engaged in the business of selling fasteners and accessories for the self-assembly furniture industry throughout the world, including in the United States through its subsidiary Titus Tool.

7.      On May 22, 2004, Hardware and Lama signed a U. S. Marketing Agreement (the "Agreement") whereby Hardware would act as the exclusive distributor of Lama hinges in the United States.  In the Agreement, Lama committed to "100 % loyalty" to Hardware and promised to make "no other direct sales to the U. S. Market" of its hinges other than through Hardware.

8.      In reliance on the commitments and promises of Lama in the Agreement that it would be the exclusive distributor of Lama hinges in the United States, Hardware expended a great deal of time and money on promotional and marketing efforts, engaged in design and manufacturing efforts with regard to the development of new Lama hinge products, hired personnel and purchased inventory from Lama.

9.      At some point, Lama breached the Agreement and began marketing and selling its hinges directly to customers in the United States through its parent company Titus and Titus Tool.

10.     Such activities constitute breach of the Agreement by Lama.

11.     As a result of Lama's breach of the Agreement, Hardware is entitled to recover from Lama all damages it has suffered as a consequence of the breach.

## COUNT II - UNFAIR TRADE PRACTICES

12.     Upon its purchase of Lama, Titus and Titus Tool became a business competitors of Hardware.

13.     Titus exerts control over Lama as its sole owner and shareholder.

14.     Titus has exerted control over Lama and has caused and induced it to breach the Agreement with Hardware in an effort to harm the business of Hardware. Titus Tool has assisted Titus and Lama in their efforts to breach the Agreement and harm the business of Hardware.

15.     Such conduct on the part of Titus and Titus Tool constitutes unfair trade practices under the Louisiana Unfair Trade Practices Act and other applicable statutes in other states where similar conduct may have occurred.

16.     As a result of Titus' and Titus Tool's illegal conduct, Hardware has suffered damages in the form of lost sales and profits, loss of business opportunity, loss of business reputation and damage to its business relationships.

17.    Hardware is entitled to recover from Titus and Titus Tool its actual damages,

attorneys fees and cost of these proceedings.

## JURY DEMAND

18.    Hardware demands trial by jury on all issues.

WHEREFORE, Hardware prays that after trial by jury, there be judgment in its favor

awarding reasonable damages for the losses it has suffered as a result of the illegal conduct of Lama,

Titus and Titus Tool, together with all applicable penalties, interest, costs and attorneys fees and all

other fair and equitable relief to which it is entitled.

Respectfully submitted:

MCMICHAEL, MEDLIN, D'ANNA,
WEDGEWORTH & LAFARGUE, L.L.C.

By: _____
James C. McMichael, Jr.
La Bar No. 10443

504 Texas St., Suite 400
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
HARDWARE RESOURCES DIVISION OF
PROGRESSIVE STAMPING & PLATING, INC.,

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, DIVISION OF PROGRESSIVE STAMPING & PLATING, INC. | ) | Civil Action No. 5:07cv1875 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE S. MAURICE HICKS |
| vs. | ) | |
| | ) | |
| LAMA, d. d. and TITUS INTERNATIONAL | ) | MAGISTRATE JUDGE |
| | ) | MARK L. HORNSBY |
| PLC | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared SANJAY SINGH

who, after being first duly sworn, deposed that he is the Petitioner, that he has read the above and

foregoing First Amended and Supplemental Complaint for Damages, and that the statements of fact

contained therein are true and correct to the best of his knowledge, information and belief.

_____
SANJAY SINGH


SWORN TO AND SUBSCRIBED BEFORE ME, the Notary Public, on this the ___5___

day of December _____, 2007.

_____
Notary Public