UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TITUS INTERNATIONAL PLC,<br><br>Plaintiff,<br><br>v.<br><br>HARDWARE RESOURCES, A DIVISION OF PROGRESSIVE STAMPING & PLATING, INC.,<br><br>Defendant. | Case No. 08-CV-02158 (WHP) |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO DISMISS OR TRANSFER**

## TABLE OF CONTENTS

I. ADDITIONAL BACKGROUND FACTS...........................................................................1

    A.    The Facts Surrounding The 2004 Contract Show that the Proper Venue is Louisiana.................................................................................................................1

    B.    The Louisiana Court Has Jurisdiction Of The Parties .........................................3

    C.    In Any Case, The Louisiana Case Will Go Forward ............................................3

II. LEGAL DISCUSSION ...................................................................................................4

    A.    Titus International Has Not Demonstrated that Special Circumstances Exist to Justify An Exception to the First to File Rule........................................................4

        1.    Three Has Been No Delay in the Louisiana Litigation.............................4

        2.    Hardware Resources Did Not Engage In Forum Shopping by Filing the Louisiana Litigation......................................................................................5

        3.    The Louisiana Litigation is Not Anticipatory, Was Not Filed in Bad Faith Nor In a Race to the Courthouse ......................................................7

        4.    The Balance of Convenience Weighs in Favor of Dismissing the New York Litigation in Favor of the Louisiana Litigation ......................8

    B    In the Alternative, this Case Should be Transferred to the Western District of Louisiana Under 28 U.S.C. §1404(a) Because it is the Most Convenient Forum ..........................................................9

III. CONCLUSION...............................................................................................................11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
   860 F.Supp. 128 (S.D.N.Y. 1994) ................................................................. 4, 5, 7, 8

*Affinity Memory & Micro, Inc. v. K&Q Enter., Inc.*,
   20 F.Supp. 2d 948 (E.D. Va. 1998) .......................................................................... 5

*Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser*,
   955 F.2d 368 (5th Cir. 1992) .................................................................................... 9

*Gulf Oil Co. v. Gilbert*,
   330 U.S. 501 (1947) .................................................................................................. 9

*Ivy-Mar Co. v. Weber-Stephen Prods. Co.*,
   No. 93 Civ 5973, 1993 U.S. Dist. LEXIS 17965 (S.D.N.Y. Dec. 21, 1993) ............ 4

*J. Lyons & Co. v. Republic of Tea, Inc.*,
   892 F.Supp. 486 (S.D.N.Y. 1995) ............................................................................. 4

*Mission Ins. Co. v. Puritan Fashions Corp*,
   706 F.2d 599 (5th Cir. 1983) .................................................................................... 7

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) .................................................................................................. 9

*Pollux Holding Ltd. v. The Chase Manhattan Bank*,
   329 F.3d 64 (2nd Cir. 2003) ...................................................................................... 9

*Reliance Ins. Co. v. Six Star, Inc.*,
   155 F.Supp.2d 49 (S.D.N.Y. 2001) .......................................................................... 4

*Schnabel v. Ramsey Quantative Systems, Inc.*,
   322 F.Supp.2d 505 (S.D.N.Y. 2004) ........................................................................ 6

*William Gluckin & Co. v. Int'l Playtex Corp.*,
   407 F.2d 177 (2nd Cir. 1969) .................................................................................... 5

**STATUTES**

28 U.S.C. §1404(a) .......................................................................................................... 1, 10
La. Rev. Stat. 51:1409E ......................................................................................................... 6
La. Rev. Stat. 51:222 .............................................................................................................. 6

**RULES**

Fed. C. P. 4(d)(1)(F) .................................................................................................... 4

The parties do not debate that the Louisiana Litigation was filed before the New York Litigation and that the two cases compete. Titus International argues that special circumstances exist that justify an exception to the first to file rule. Yet, Titus International has failed to demonstrate that any such special circumstances exist. Hardware Resources has timely pursued the Louisiana Litigation. The Louisiana Litigation is not anticipatory, not filed in bad faith and not filed for "forum shopping" purposes. The first to file rule is generally followed and it should be followed in this case.

The reality is that neither Titus International nor Hardware Resources have any significant ties with New York. Titus International is located in England. Hardware Resources is located in Louisiana. No significant documents or witnesses are located in New York. Rather, the majority of documents and witnesses are located in Louisiana. Therefore, assuming that the case is not either dismissed or transferred under the first to file rule, it should be transferred under 28 U.S.C. §1404(a).

## I. ADDITIONAL BACKGROUND FACTS

### A. The Facts Surrounding The 2004 Contract Show That The Proper Venue is Louisiana.

The parties agree that in 2004 Hardware Resources and Lama d.d. ("Lama") entered into a contract regarding Hardware Resources' distribution of the Lama hinges throughout the United States (the "2004 Contract"). *See*, 2004 Contract, Ex. E to Declaration of Jeffrey T. Golenbock for Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Golenbock Dec."). But contrary to the assertions of Titus International, Hardware Resources and Lama negotiated and executed the 2004 Contract in Louisiana. *See*, Ex. E, p. 2 to Golenbock Dec. For example, Plaintiff overlooks the fact that a representative from Lama (a subsidiary of Titus International) actually came to Hardware Resources' facility in Louisiana to

1

negotiate the contract. *See*, Declaration of Lowe executed June 23, 2008 ("Lowe June 23, 2008 Dec."), ¶3. The 2004 Contract was performed in Louisiana through the distribution of the Lama hinges from this location. *See*, Declaration of Lowe executed May 30, 2008 ("Lowe May 30, 2008 Dec."), ¶8. Because Lama came to Louisiana to negotiate the contract and sign it, Lama has had a presence in Louisiana and its witnesses and documents related to that presence are located there. These facts mitigate toward transfer of the case to Louisiana.

The 2004 Contract was never formerly terminated. *See,* Lowe May 30, 2008 Dec., ¶6. Titus International has alleged that the 2004 Contract was terminated by the parties. Sworn testimony is not offered to support this assertion. The Aschem letter was never received by Mr. Lowe. *See*, Lowe June 23, 2008 Dec., ¶4. Further, statements in the letter are false. However, even if the statements in the letter were true, evidence related to whether or not the agreement was terminated is located in Louisiana not New York. These facts mitigate toward transfer.

Titus International has taken two positions with respect to the 2004 Contract that are inconsistent. In the Louisiana Litigation, Lama (not Titus International) has asserted a counterclaim against Hardware Resources for breach of the 2004 Contract. *See*, Ex. Q to Golenbock Dec. Conversely in the New York Litigation, Titus International (not Lama) has asserted a claim against Hardware Resources for breach of the 2004 Contract. Despite Titus International's attempt to seek relief in the New York Litigation as an aggrieved party to the 2004 Contract, it argues that the Louisiana court cannot have jurisdiction over it because it was not a party to the 2004 Contract. *See*, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Memorandum"), pp. 6-7. The inconsistent positions of Titus International cast doubt on the veracity of its statements. More importantly, the evidence to

prove whether or not Titus International is indeed is a party to the contract is located in Louisiana – not New York. This case should be transferred.

### B. The Louisiana Court Has Jurisdiction Of The Parties.

The Louisiana Court has at least specific jurisdiction over Titus International. The 2004 Contract was executed by Hardware Resources and Lama. Sometime later, Titus International acquired Lama. *See*, Grant Dec., ¶8, Ex. R. Golenbock Dec. In the New York Litigation, Titus International has admitted that it is a party to the 2004 Contract. Despite this, Titus International simultaneously argues in Louisiana that the court does not have specific jurisdiction over it because it is not a party to the 2004 Contract. *See*, Plaintiff's Memorandum, pp. 6-7. Of course, the stark contrast places the credibility of Titus International in question, but more importantly, the admission in the New York case is binding in the Louisiana case. The admission further bolsters the argument that jurisdiction and venue are proper in Louisiana.

General jurisdiction of Titus Tool is also proper in the Louisiana. Titus Tool has admitted that it does business in Louisiana. *See*, Grant Dec., ¶6, Ex. R to Golenbock Dec. Furthermore, the Court in Louisiana is convinced that sufficient cause exists to allow expedited discovery into the contacts of the defendants with Louisiana.

### C.    In Any Case, The Louisiana Case Will Go Forward.

By filing an answer to Hardware Resources' Complaint, Lama has submitted itself to the Louisiana Court's jurisdiction. *See*, Ex. Q to Golenbock Dec. Lama is, of course, a subsidiary of Titus International. Only Titus International and Titus Tool have requested that the Louisiana case be dismissed. Therefore, even if this case is not dismissed or transferred to Louisiana, Hardware Resources' case against Lama will continue in the Louisiana. It makes little practical

3

sense to litigate the liability of Lama in Louisiana and the liability of its parent Titus Tool in New York.

## II. **LEGAL DISCUSSION**

### A. **Titus International Has Not Demonstrated That Special Circumstances Exist To Justify An Exception to the First to File Rule.**

"[T]here is a strong presumption in favor of the forum of the first-filed suit." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 54 (S.D.N.Y. 2001); *accord, e.g., J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F.Supp. 486, 493 (S.D.N.Y. 1995). The party arguing against application of the first to file rule bears the burden of demonstrating that special circumstances exist that justify the disregard of this rule. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 132 (S.D.N.Y. 1994) *citing Ivy-Mar Co. v. Weber-Stephen Prods. Co.*, No. 93 Civ 5973, 1993 U.S. Dist. LEXIS 17965, at *2 (S.D.N.Y. Dec. 21, 1993).

### 1. There Has Been No Delay in the Louisiana Litigation.

The Louisiana Litigation was filed in November of 2007. *See*, Exhs. F and G to Golenbock Dec. Between January and March of 2008, Hardware Resources attempted to obtain waivers of service from all defendants. *See*, Exhs. H-L to Golenbock Dec. Since Lama and Titus are foreign corporations, F.R.C.P. Rule 4(d)(1)(F) required Hardware Resources to wait until sixty days, or until *at least* March 11, 2008 to affect service. After the 60-day time period had expired, immediate steps were taken to serve the defendants internationally. The Defendants were served in March and April. *See*, Exhs. M, N and O to Golenbock Dec. Considering the difficulties of international service and the strictures of Federal Rule 4, the delay cannot be considered unreasonable.

Titus International cites *Affinity Memory & Micro, Inc. v. K&Q Enter., Inc.*, as authority for its argument that the first to file rule should not apply because Hardware Resources was

4

served with process in the New York case before any of the defendants were served with process in the Louisiana case. 20 F.Supp. 2d 948, 951 (E.D. Va. 1998). This case is distinguishable.

In *Affinity*, the plaintiff filed suit first in Virginia. Two weeks later the defendant filed suit in Michigan and almost immediately served the plaintiff. Even though the plaintiff filed suit first, it failed to either serve the defendant or provide it with notice of the first filed case until after the defendant had filed the second suit. *Affinity*, 20 F.Supp. 2d at 951. The second filed case was also in a more advanced stage than the first filed case in Virginia. *Id.* at 955. Therefore, the Virginia court did not follow the first to file rule. *Id.* at 955-56.

Unlike the plaintiff in *Affinity*, Hardware Resources provided Titus International, Titus Tool and Lama with notice of the Louisiana case two months before Titus International filed the New York case. *See*, Exhs. H-L to Golenbock Dec. Furthermore, the first filed case in Louisiana is a more advanced state than the second filed case here in New York. Hardware Resources has already served discovery requests on Titus International and Titus Tool in the Louisiana case. Expedited discovery is underway. The other defendant (Lama) has answered. No discovery has occurred in the New York Litigation. Furthermore, the Louisiana case will survive either way, since Lama has answered and has failed to challenge venue or jurisdiction. Thus, even if this Court were bound by the holding in *Affinity* (which it is not), the holding in that case does not support ignoring the first to file rule in this case.

       2.    <u>Hardware Resources Did Not Engage In Forum Shopping by Filing the Louisiana Litigation.</u>

The court is not bound to follow the first to file rule if forum shopping *alone* did not motivate the choice of situs for the first suit. *800-Flowers*, 860 F.Supp. at 132, *citing William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2nd Cir. 1969) (emphasis added).

Filing an action in a jurisdiction that is most convenient for a party is not forum shopping. *Schnabel v. Ramsey Quantative Systems, Inc.*, 322 F.Supp.2d 505, 513-514 (S.D.N.Y. 2004).

Hardware Resources' initiated litigation in Louisiana because it was the most convenient forum.[1] All of the contracts that are at issue in the Louisiana Litigation and the New York Litigation were negotiated and executed in Louisiana. *See*, Exhs. D and E to Golenbock Dec. Hardware Resources performed its duties under the contracts in Louisiana. *See*, Lowe May 30, 2008 Dec., ¶5. The witnesses and documents known to Hardware Resources are for the most part located in Louisiana. *Id.* at ¶¶8, 9.

Titus International insinuates (several times) that the reason Hardware Resources chose Louisiana as a forum was to capitalize on a potentially favorable statute of limitations. But this argument does not follow. There were no trademark infringement claims brought in either the Louisiana case or the New York case. Further, there is absolutely no evidence to support the assertion that a trademark infringement claim exists (nor has any been presented). The mere potential for a claim is hardly a basis for forum shopping.

Moreover, the alleged one year statute of limitation in Louisiana for trademark infringement that is referenced by Titus International is irrelevant. The Louisiana Unfair Trade Practices and Consumer Protection Law ("UTPL") includes a one year statute of limitations for a claim of trademark infringement based on use of another's *registered Louisiana trademark*. *See*, La. Rev. Stat. 51:222, 51:1409E. The "LAMA" mark is not a registered *Louisiana* trademark. Therefore, Titus International's lack of ownership of a Louisiana trademark registration for the

---

[1] Hardware Resources is located in Bossier City, Louisiana. Bossier City is less than five (5) miles away from Shreveport, Louisiana, the location of the court house in the Louisiana Litigation.

mark "LAMA" precludes it from bringing a trademark infringement claim under the UTPL and makes its argument as to the statute of limitations spurious.

> 3. The Louisiana Litigation is Not Anticipatory, Was Not Filed in Bad Faith Nor In a Race to the Courthouse.

Lawsuits are sometimes considered anticipatory if they are declaratory judgment actions or filed in expectation of a specific action. For example, in *Mission Ins. Co. v. Puritan Fashions Corp.*[2], the insurer and the insured were communicating about a claim for a loss of products. *Mission Ins. Co. v. Puritan Fashions Corp*, 706 F.2d 599, 601-02 (5th Cir. 1983). On the day that the insurer denied the insured's claim, the insurer filed suit against the insured. The court held that the suit was anticipatory because the insurer should have expected the insured to file suit when the claim was denied. *Id* at 602; *see also*, *800-Flowers*, 860 F.Supp. at 132-33 (No threat of litigation because the parties were not involved in negotiations that broke down, there were not any threats of litigation and the defendant waited over three months to file suit after the conduct giving rise to the suit).

Unlike *Mission*, the Louisiana Litigation is neither a declaratory judgment nor an anticipatory suit. In 2006 a falling out occurred between Hardware Resources and Lama. Hardware Resources waited over a year, until November of 2007, before initiating the Louisiana Litigation. At the time the Louisiana Litigation was filed, the parties were not in negotiations nor were there any specific threats of litigation. *See*, Lowe June 23, 2008 Dec., ¶5.

Another important difference is that the New York case was filed with notice of the Louisiana case. In January of 2008, Hardware Resources sent Titus International written requests for a waiver of service in the Louisiana Litigation including the Complaint. *See*, Exhs.

---

[2] Titus International cites this case as support for its contention that the Louisiana Litigation was an anticipatory suit.

7

H-L to Golenbock Dec.[3] But instead of responding, and in a race to secure a more favorable jurisdiction, Titus International filed this case in New York. Such conduct is clearly anticipatory and in bad faith. Titus International should not be rewarded for such conduct. The case should be transferred.

    4. The Balance of Convenience Weighs in Favor of Dismissing the New York Litigation in Favor of the Louisiana Litigation.

In *800-Flowers*, the court decided to follow the first filed rule. In that case, the defendant resided in the location of the first filed suit. Additionally, the defendant's witnesses and documents were located in the jurisdiction of the first filed case. None of the plaintiff's documents or witnesses was concentrated in the jurisdiction of either the first filed case or the later filed case. The defendant was also a larger company with more means that the plaintiff. Therefore, the court dismissed the second filed case in favor of the first case because *inter alia* there were substantial contacts with the location of the first suit, the defendant resided in the location of the first suit, the defendant's documents and witnesses were concentrated in the location of the first filed suit, the locus of operative facts occurred in the jurisdiction of the first filed suit, and the plaintiff was a larger entity than the defendant. The Court also considered that the original plaintiff's choice of forum should be given great weight. *800-Flowers*, 860 F.Supp. at 133-36.

Similarly to *800-Flowers*, Hardware Resources is incorporated in the location of the first filed suit. Hardware Resources' documents and witnesses are concentrated in Louisiana, while Titus International's documents and witnesses are distributed throughout the world. Titus International is a larger entity than Hardware Resources and has a greater ability to absorb the

---

[3] Since Titus International is not located in a judicial district within the United States, the Federal Rules precluded Hardware Resources from serving Titus International with suit until after March 11, 2008. *See*, Fed. R. Civ. P. 4(d)(1)(F).

expenses necessary to litigate this case in New York. Moreover, Titus International is going to be required to transport its documents and witnesses regardless of whether this case proceeds in Louisiana or New York. Shipping documents and witnesses to Louisiana as opposed to New York does not greatly increase the inconvenience for Titus International. Thus, the convenience of the parties weighs in favor of dismissing the New York Litigation in favor of the Louisiana Litigation.

### B. In the Alternative, this Case Should be Transferred to The Western District of Louisiana Under 28 U.S.C. §1404(a) Because it is the Most Convenient Forum.

A foreign plaintiff's choice of forum should be given less deference than an American plaintiff because the United States is not considered a convenient forum for any foreign plaintiff. *See*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Therefore, a foreign plaintiff's choice of forum may spring from a desire to obtain the benefit of more favorable U.S. law, for a litigation advantage or to harass the defendant. *See*, *Pollux Holding Ltd. v. The Chase Manhattan Bank*, 329 F.3d 64, 71-2 (2nd Cir. 2003); *see also*, *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser*, 955 F.2d 368, 373 (5th Cir. 1992).

Titus International's choice to litigate this matter in New York and Lama's "promise" that it would "consent" to the jurisdiction of this Court should be given little weight. Titus International, a UK corporation, and Lama, a Slovenia corporation, do not have any ties to the State of New York. Titus International's choice to litigate this case in New York stems from a desire to harass Hardware Resources and gain a litigation advantage by forcing Hardware Resources to concurrently litigate both the Louisiana case and the New York case. Titus International's conduct is also harassing because it requires Hardware Resources to litigate the New York case in a jurisdiction where none of the parties, witnesses or documents are located.

Louisiana is more convenient location for the parties than New York. Hardware Resources is located within Louisiana, while Titus International is located in the United Kingdom. New York is not a convenient location for either party. It is impractical to require both parties to travel to litigate this case. Thus, Louisiana is the more convenient location.

Louisiana is a more suitable location for the witnesses. The witnesses related to Hardware Resources' defenses to the claims in the New York Litigation are located in Louisiana. These witnesses are only subject to the subpoena power of the Louisiana Court. Additionally, one of Titus International's important witnesses, "Brad" is located in Dallas. *See*, Ex. 1 to Aschen Dec. More importantly, none of the witnesses for either party are located in New York. Titus International's witnesses will be required to travel irrespective of whether the matter is tried in New York or Louisiana.

Contrary to Titus International's assertion, the evidence establishes that the locus of the operative facts and documents related to Titus International's claims in the New York Litigation are located in Louisiana – not "throughout the country." The New York Litigation charges Hardware Resources with breach of contract and unfair competition. These contracts were negotiated, executed and performed in Bossier City, Louisiana – not New York. *See*, Lowe May 30, 2008 Dec., ¶5. The products that are relevant to the breach of contract claim and unfair competition claim were shipped from Bossier City. *Id.* at ¶¶8, 9. Records of these sales and associated data are located in Bossier City. *Id.* Samples of these products remain there. Advertising is in Louisiana. *Id.* Witnesses are in Louisiana. *Id.* None of this evidence is located in New York. Therefore, relevant documents and evidence are located in Louisiana. Pursuant to 28 U.S.C. §1404(a), this case should be transferred to the Western District of Louisiana.

## III. <u>CONCLUSION</u>

This case should be transferred because Louisiana is the proper and most convenient forum. The Louisiana Litigation was filed before the competing New York Litigation. The New York case was filed with notice. No special circumstances exist that would justify an exception to the first to file rule.

Assuming that the case is not dismissed or transferred under the "First to File" Rule, it should be transferred under 28 U.S.C. §1404(a) because Louisiana is a more convenient forum. Witnesses to the contracts, their negotiation and execution are all located in Louisiana. There is virtually no evidence located in New York.

Further, since a subsidiary of Titus International, Lama, has admitted jurisdiction and venue in Louisiana and has answered. So the Louisiana case will proceed regardless of whether or not this case is transferred. The Louisiana Court will necessarily examine the facts and law at issue here. It is unnecessary and wasteful to duplicate these efforts. The case should be transferred.

Dated: New York, New York  
      June 24, 2008

Respectfully submitted,

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP

By: <u>/s/ Jeffrey T. Golenbock</u>
      Jeffrey T. Golenbock (JG 2217)

437 Madison Avenue
New York, New York 10022
(212) 907-7300
Attorney for Defendant Hardware Resources

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing Defendant's Reply Brief IN Further Support of Motion to Dismiss or Transfer was properly served upon the persons listed below in the matter indicated on June 24, 2008.

Michael Aschen
Abelman Frayne & Schwab
666 Third Avenue
New York, New York 10017

*Via First Class Mail, Postage Prepaid
and by E-Mail*

_____
Jeffrey T. Golenbock